Moncure J.
This is a supersedeas obtained by thecommonwealth to a judgment of the Circuit court of Jackson county quashing an indictment against Henry Young, for that he, “ on the first day of October in the year one thousand eight hundred and fifty-eight, unlawfully, and without having a license therefor according to law, on the home farm of Charles Carney, in the said county of Jackson, and within the jurisdiction of the Circuit court for said county, did sell, by retail, wine, ardent spirits, and mixtures thereof, contrary to the form of the statute in such case made and provided-, and against the peace,” &c.
The indictment was no doubt intended to be for the offence described in the first branch of § 18, ch. 38 of the Code, p. 209; which section is in these words: “If any person shall, without paying such tax and obtaining such certificate as is prescribed by the 14th section, sell, by retail, wine, ardent spirits, or a mixture thereof, he shall forfeit thirty dollars. And if any person sell, by retail, wine, ardent spirits, or a mixture thereof, to be drank iti or at the store, or other place of sale, he shall, unless he be licensed to keep an ordinary at such store or place, forfeit thirty dollars.”
No counsel appeared for the defendant in error in this court; and it does not appear what specific objections' were made to the indictment in the court below, except from the petition for the supersedeas and the argument of the attorney general. From them it appears the objections were two-fold : First, that the words “ not to be drank where sold,” are not in the indictment; and secondly, that the words “without having a license therefor according to law,” are used *666 in the indictment, instead of the words “ without paying such tax and obtaining such certificate as is prescribed by the 14th section,” contained in the statute.
To the first objection, it is a sufficient answer, that the words “ not to be drank where sold,” are not in the statute, and therefore need not be in the indictment.
The second objection is a more serious one. In an indictment for a statutory offence, it is generally proper and safest to describe the offence in the very terms used by the statute for that purpose. But it is sufficient to use in the indictment such terms of description, as that, if true, the accused must of necessity be guilty of the offence described in the statute; and especially so in a case, falling, as this does, in that class, concerning which the law provides, that “ no exception shall be allowed for any defect or want of form in the presentment, indictment or information, but the court shall give judgment thereon according to the very right of the case.” Code, ch. 207, § 24, p. 772. If the indictment may be true, and still the accused may not be guilty of that offence, the indictment is insufficient, even though it fall within the class to which the provision aforesaid refers. Let us apply this principle to the present case, and enquire, whether the words “ without having a license therefor according to law” in the indictment, are a sufficient substitute for the words “ without paying such tax and obtaining such certificate as is prescribed by the 14th section,” which are material terms of description used in the statute? In other words, whether, if the indictment be true, the accused must of necessity be guilty of the offence described in the statute ? May he not have retailed ardent spirits “ without having a license therefor according to law,” and still not “ without having paid such tax and obtained such certifi *667 cate” as aforesaid ? To enable us to answer this question, it will be necessary to notice briefly the sections of chapter 3S of the Code which precede the 18th section (on which the indictment in this case is founded), and relate to the same subject.
The 10th section declares, that “no person shall, without obtaining a license as a merchant, sell at any store” &c. “ any goods” &c. “ except” &c. “Any person who shall violate this section, shall pay a fine of not less than twenty nor more than two hundred dollars.”
The 11th, 12th and 13th sections relate to the tax to be paid for the license.
The 14th section, which is expressly referred to in the first branch of the 18th (on which the indictment in this case is founded), is in these words: “If the merchant shall desire his license to include permission to sell, by retail, wine, ardent spirits, or a mixture thereof, he shall pay the additional tax prescribed for this privilege, and obtain from the court of the county or corporation in which his store or place of sale is situated, a certificate that he is a person of good character, and that the court sees no objection to such permission being granted.”
If this had been all, it might well have been contended, that upon the mere payment of the additional tax and obtaining the certificate mentioned in the 14th section, the merchant’s license (in addition to its general effect under the 10th section), became, ipso facto, a license to retail ardent spirits; and therefore that the words “without having a license therefor according to law,” in the indictment, were equivalent to the words “without paying such tax and obtaining such certificate” as aforesaid in the statute.
But the 15th section follows in these words: “ Such certificate shall be produced, with the receipt for the *668 tax, to the commissioner, who shall grant to the merchant such license as he may be entitled to. The license shall, in addition to what is prescribed by the second section, state the fact of such certificate, and the situation of the store or place of sale. If the person applying for such license asks that it shall be to him as a commission merchant, the commissioner shall so express on its face.”
So that if a merchant desire his license to include permission to retail ardent spirits, he is not only required by the 14th section to pay the additional tax and obtain the certificate therein mentioned, but is directed by the 15th section to obtain a license which will include such permission on its face. If he comply with the requisition of the 14th section, he will be entitled as a matter of course to such a license, upon the mere production of such a certificate with the receipt for the tax to the commissioner, as directed by the 15th section. A penalty is imposed by the 18th section on a person who retails ardent spirits without having complied with the requisition of the 14th section ; but not on a person who does so without having complied with the direction of the 15th section. The indictment in this case is for the latter act; that is, for retailing ardent spirits “ without having a license therefor according to law.” This plainly refers to the license mentioned in the 15th section, which includes on its face permission to retail ardent spirits; and not to the general merchants’ license mentioned in the 10th section. The indictment may be true, and still the accused may not be guilty of the offence described in the statute, and therefore the motion to quash it was properly sustained.
The construction I have put upon the law in question, not only agrees with its literal meaning, but with the probable intention of the legislature. It would *669 have been at least as easy to have said, “without license therefor,” as to say, “ without paying such tax and obtaining such certificate as is prescribed by the 14th sectionand the former would no doubt have been said, if it had been intended by the legislature. In every other instance, I believe, in which a license to do an act is required to be obtained, the law imposes a penalty on doing the act without license; not on doing it without faying the tax required to be paid. The difference of phraseology in this instance indicates a difference of intention; for which, indeed, there seems to be some reason. But whether there be or not, the literal import of the law is sufficiently plain; and, being a penal law, it must be construed strictly.
There are two decisions of the late General court, which would seem at first view to be in conflict with the conclusion to which I have come; but, upon examination, they will be found not to be so. I mean Peers' Case, 5 Gratt. 674, and Hatcher's Case, 6 Id. 667. In each of these cases the indictment was for retailing ardent spirits not to be drank where sold, without having obtained a license therefor; and yet was held to be sufficient. But they were founded on the act of March 7, 1834 (Sess. Acts, ch. 3, p. 7), or the act of March 3, 1840 (Sess. Acts, ch. 2, p. 5), which acts are almost identical; the 3d section of which subjects to the penalty therein mentioned, any person, &c. who shall, otherwise than as therein after expressly provided, retail ardent spirits, &e. 5 and the 5th section of which provides, that if any person, having obtained a merchant’s license, &c., shall, in addition thereto, have obtained a certificate as therein mentioned, he shall, “ by virtue of such certificate, but not otherwise, be authorized, during the time for which his merchant’s license may have been granted,” to retail ardent spirits, &c. In an indictment on either of these acts, the *670 words “ without having obtained a license therefor,” were plainly equivalent to the words “ without having obtained a merchant’s license and certificate, as required by the 5th section.” The merchant’s license and certificate together constituted a license to retail ardent spirits. After the certificate was obtained, nothing more was directed by these acts to be done. In this respect, they materially differ from the Code.
I think there is no error in the judgment, and am for affirming it.
Daniel and Robertson, Js. concurred in the opinion of Moncure, J.
Judgment affirmed.