## 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

THE STATE OF WEST VIRGINIA *vs.* A. G. CHURCH.

January Term, 1870.

1. A violation of the conditions of the bond required in order to obtain a license to sell spirituous liquors, is a violation of the law relating to the revenue, and is a case in which the State may have a writ of error.

2. It is not error to sustain a demurrer to an indictment for a violation of the conditions of such bond, when the indictment does not allege that the violation occurred at the place the liquors were to be sold under the license.

The grand jury of Cabell county, on the 4th day of May, 1869, found a bill of indictment against A. G. Church for unlawful retailing. The indictment alleged that Church, who was at the time duly licensed to sell spirituous liquors, wines, porter, ale, beer, and drinks of like nature, and had executed his bond as required by law, conditioned not to permit any person to drink to intoxication in any premises under his control, and not to sell or furnish any intoxicating drinks to any person who is intoxicated at the time, or who is known to him to have the habit of drinking to intoxication, or who is under the age of 21 years, &c.; but failed to aver in what county, or at what place, he was licensed to sell. The indictment charged that the said Church did, at his saloon in the said county, unlawfully permit one Shipe to drink to intoxication on his premises, controlled by the said Church, and did unlawfully sell and furnish intoxicating drink to the said Shipe, who was known to him, the said Church, to be in the habit of drinking to intoxication.

The indictment was held bad on demurrer, and the State obtained a writ of error, whereupon the defendant moved this court to dismiss the writ of error on the ground that this court has no jurisdiction to award a writ of error in this case, or in any case of the kind.

MAXWELL, J. This was an indictment against Church, who was, at the time of committing the offence alleged in the indictment, duly licensed to sell spirituous liquors, wines, porter, ale, beer, and drinks of like nature, and had executed his bond as required by law, conditioned not to permit any person to drink to intoxication in any premises under his control, and not to sell or furnish any intoxicating drinks to any person who is intoxicated at the time, or who is known to him to have the habit of drinking to intoxication, or who is under the age of twenty-one years, &c.

The indictment charges that the said Church did unlawfully permit one Shipe to drink to intoxication on his premises, controlled by the said Church, and did unlawfully sell and furnish intoxicating drink to the said Shipe, who was known to him, the said Church, to have the habit of drinking to intoxication.

The indictment was held bad on demurrer, and the State obtained a writ of error.

The defendant now moves this court to dismiss the writ of error, on the ground that this court has no jurisdiction to award a writ of error in this case, or in any case like it.

The third section of chapter 110 of the Code, page 722, provides that a writ of error shall lie in any case for the accused, and if the case be for the violation of the law relating to the revenue, it shall lie also for the State. If this was an indictment for selling, or exposing for sale, spirituous liquors without a license, a writ of error would lie for the State. *Commonwealth* v. *Scott*, 10 Gratt., 749; *Coe's case*, 9 Leigh, 620; *Hampton's case*, 3 Grattan, 590; *Hill's case*, 5 Gratt., 682; and *Hatcher's case*, 6 Gratt., 667.

Chapter thirty-two of the Code, relates to the revenue,

and provides for the cases in which a license shall be neces-
sary. The twelfth section of this chapter prohibits the
granting of any license to sell spirituous liquors until the
applicant shall have given bond conditioned that he will not
permit any person to drink to intoxication on any premises
under his control, and will not sell or furnish any intoxica-
ting drink to any person who is intoxicated at the time, or
who is known to him to have the habit of drinking to in-
toxication. The indictment is intended to be for a violation
of this section, and it seems to me the case comes within the
very letter of the law which provides that the State may have
a writ of error, if the case be for the violation of a law re-
lating to the revenue, and that the writ of error should not
be dismissed.

The other question is as to the sufficiency of the indict-
ment. The twenty-first section of chapter 158 of the Code,
page 716, provides that no exception shall be allowed for
any defect or want of form in any presentment or indict-
ment founded on any provision of chapter 32 or 151, but
the court shall give judgment thereon according to the very
right of the case. The indictment in this case, as before
stated, is founded on section 12, of chapter 32. If every-
thing alleged in the indictment, if formally charged, could
be true, and yet the defendant be not guilty of a violation
of the section under which he is indicted, the indictment is
not sufficient. The indictment avers that the defendant was
duly licensed to sell spirituous liquors, wines, porter, ale,
beer, and drinks of like nature, but fails to aver in what
county or at what place he was licensed to sell. The 15th
section of chapter 32, provides that every certificate to sell
spirituous liquors shall specify the house where they are to
be sold, and a sale at any other place shall be held to be a
sale without license.

The indictment avers that the defendant, on a certain day
named, in the said county, at his saloon, did unlawfully
permit one Shipe to drink to intoxication. Now unless the
saloon named is the place where the liquors were to be sold

under the license, there can be no violation of the condition of the bond of the defendant, by selling at the said saloon, although he would be guilty of selling without license, and could be prosecuted under the first section of the said chapter. *Commonwealth* v. *Young*, 15 Gratt., 664.

The indictment is, therefore, both in form and substance, fatally defective, and the judgment sustaining the demurrer to it will have to be affirmed.

The other judges concurred,

JUDGMENT AFFIRMED,