Christian, J.,
delivered the opinion of the court.
These two cases were heard together in this court.
The questions we have to determine are the same in both cases.
They áre prosecutions against the plaintiffs in error respectively, for a violation of the statute making it a penal offence, “if any person shall sell or barter or cause to be sold or bartered, or being a merchant or tradesman, or keeper of an eating house or ordinary,. *1020 shall directly or indirectly give or furnish or dispose of, or shall permit to be sold or bartered or given or of, by his clerk or agent or salesman, to any minor knowing him to be a minor, without the con-0 7 sent of his parent or guardian, any wine or ardent spirits or mixture thereof,” &c.
Under this statute the plaintiffs in error were indicted in the hustings court of the city of Richmond for selling ardent spirits “to certain minors the names of whom are to the grand jurors unknown.” The plaintiffs in error were found guilty, and a fine assessed by the jury at $10 in the one case and $20 the other. Whereupon it was ordered and adjudged by said hustings court that the plaintiffs in error be confined in jail until the fines are paid, and that each enter into bond with good security “to be of good behavior towards all the citizens of this commonwealth for the space of one year.” To this judgment writs of error were awarded by one of the judges of this court.
The court is of opinion, that there is no error in the judgment of the said hustings court in overruling the motions to quash the indictments, this court being of opinion, that the said indictments set forth with sufficient distinctness, the offence punished by the statute;’ and that said indictments do not contain charges of two distinct offences. See Young’s case, 15 Gratt. 664.
But the court is further of opinion, that the record shows that there was a variance between the charges made in the indictments and the proof upon the trial, as certified by the court, for which the verdicts ought to have been set aside and new trials ordered, upon •other indictments to be found against the plaintiffs in error.
The variance consisted in this, that while the indictments charged the defendants (plaintiffs in error here) *1021 with having sold and furnished ardent spirits to certain minors, “the names of whom are to the grand jurors unknown,” the proof is clear that in both cases the names of these minors were known to the grand j.ury. It is a well settled rule of criminal law, that in that class of offences, where the act constituting the offence is an injury to the person, the name of the injured party must be stated, when known. If the name of the party injured be unknown, he should be described as “ a person to the jurors aforesaid unknown.” But this is a material allegation, and if it turns out in the trial that the name of the person so described in the indictment was known to the grand jury, the variance will be fatal, and the accused must be discharged from that indictment and tried upon another charging the name of the person injured. 1 Arch. Cr. Pl. 80-81 (marg.), and cases there cited; 1 Whar. Am. Cr. Law, § 251; 1 Bishop Cr. Pro. (2nd edi.) § 541-552; 1 Chitty Cr. Law 213-214 (marg.)
The case before us comes within the rules above stated. The offence punished by the statute is the selling or furnishing ardent spirits to minors without the consent of the parent or guardian. The offence denounced by the statute is a direct injury to third persons.
It is very manifest that the object and aim of the statute was to protect the young against the evils of the bar room and the grog shop. It was enacted to guard and defend the minor against an injury to him, an injury it may be as fatal and deadly as the hand of the robber or the knife of the assassin.
In these cases it may be further said, that the offence punished by the statute is an offence against the person. in a double sense. It is not only an offence against, the minor, but an injury against the “parent or guar *1022 dian.” Surely no more grievous injury can be perpetrated against a parent or guardian than that which entices the son or the ward at the early age of minority to become the frequenter of a bar room, and to contract in early life the habit of indulgence in strong drink. The statute was enacted not only for the good of society in general, and the maintenance of order and good morals, but for the protection of both the minor and the parent or guardian.
The cases before us are therefore brought within that class of cases where the act constituting the offence is an injury to third persons. In such cases, it is well settled that the name of the person if known must be stated, and if described as “a person to the jury unknown,” and it turns out upon the proof that the names were known, this will be a fatal variance.
The cases relied on by the attorney general are not in conflict with the authorities above cited, or the views herein stated.
The case of Commonwealth v. Smith & Burwell, 1 Gratt. 553 (of which we have a very meagre report, no opinion being given, but simply a resolution of the general court), was a prosecution for selling ardent spirits to slaves without the consent of their masters, &c. The indictment in that case charged the defendants with selling ardent spirits “to slaves whose names or whose owners names were to the jurors unknown.” The case came up on a demurrer to the indictment. The indictment was held good. This was the only question made by the record. If it had been proved in that case that the names of the owner and of the slaves toere known to the grand jury, the question would have been a very different one. Then the question raised would have been, was there a variance between the allegations and the proof? But no such *1023 question was raised, and the decision must be taken to be confined to the demurrer, as the only question raised on the record.
‘ The other case relied on by the attorney general is ° 1/0 Hulstead’s case, 5 Leigh 721. That was a prosecution for selling ardent spirits without license. The indictment charged the sale without license “ to persons to the jurors unknown.” Evidence was offered at the trial tending to prove that the persons to whom the sale was made was known to the grand jury. The defendant moved the court to instruct the jury, that if they should find that the person to whom he sold the spirits in the indictment mentioned was in fact known to the grand jury at the time the indictment was found, the commonwealth could not sustain this indictment. The court refused to give this instruction. The general court affirmed the decision of the county court, and held that this was not a material variance between the proof and the charge in the indictment; that it was not necessary in indictments for such, offences (i. e., for selling ardent spirits without license), to name the person to whom the liquor was sold, and that the words in that indictment “to persons to the jurors unknown,” are surplusage.
But in that case the court said: “ The offence of retailing spirits is distinguishable from that class of offences where the act constituting the offence is an injury to a third person, such as murder, larceny, &c., in which the name of the injured party ought to be stated when known. The reason of that rule does not apply to that class of offences to which retailing ardent spirits without license belongs,—offences in which the act constituting the offence is not an injury to third persons.”
This case is entirely consistent with the rules of *1024 Criminal'Law above stated, and is not at all in conflict with the authorities above cited.
The offence of selling ardent spirits without license, is not an offence against third .persons: but an offence' # 0 x 9 against the revenue laws, and it may be against social order and public morals. The offence is the selling without license. It matters not to whom or to what person it is sold; and therefore the name of the person is immaterial to be stated. But under the statute upon which the indictments before us, are found, the offence is not the mere selling of ardent spirits; but selling or furnishing the same to a minor without the consent of the parent or guardian.
In such a case the act constituting the offence, is an injury to third persons, and therefore the person, if known, must be named in the indictment; and if charged as “a person to the jurors'unknown,” when in fact he is known, this will be a fatal variance.
The court is therefore of opinion, that the judgment of the said hustings court in both cases be reversed, and the defendants be discharged from further prosecution under said indictments: subject, however, to be tried under other indictments, (if any be so found against them,) setting forth the names (if such names-be known), of the minors to whom ardent spirits were sold or furnished.
Judgments reversed.