# Charleston.

## STATE *v.* RIFFE.

### Decided, April 28, 1877.

1877.
January Term.

1. In an indictment for a statutory offense, it is generally proper and safest to describe the offense in the very terms used by the statute for that purpose.

2. It is sufficient to use in the indictment such terms of description, as that, if true, the accused must of necessity be guilty of the offense described in the statute.

3. If the words of the statute are not employed, other words clearly equivalent, must be used, so as to bring the offense charged within the provisions and limitations of the statute defining, or creating it.

4. It was error to quash an indictment upon the ground that it used the language, "*without a license so to do*," instead of the statutory language used in ch. 32, §1, Code, 1869, viz: "*Without a state license therefor*," the terms used being equivalent to those of the statute, the word "*state*" not being essential as descriptive.

5. The proper course is to move to quash before pleading, but the court may, at any time before the trial upon the plea, permit the plea to be withdrawn, and enter the motion to quash at the instance of the defendant.

The circuit court of the county of Monroe, on the 16th day of October, 1874, quashed an indictment then pending in said court against A. L. Riffe.

This is a writ of error, granted upon the petition of the state, to the judgment of the said court then rendered.

MOORE, JUDGE, who delivered the opinion of the Court, sufficiently states the case.

Hon. Homer A. Holt, Judge of the eighth judicial circuit, rendered the judgment below.

*H. M. Mathews*, attorney general for the state.

The indictment in this case was found under §1 of ch. 32, of the Code of W. Va.

It is sufficient to use such terms of description as that, if true, the accused, must be of necessity, guilty of the offense described in the statute. *Commonwealth v. Young*, 15 Gratt., 664.

The motion to quash should have been made before the plea to the indictment was entered.

Fort, 261; *R. v. Rockwood*, Holt, 684; 4 St., T. R., 677; *Wiesgorphin v. State*, 7 Blackf., 186; Mathews' Cr. Dig., 182.

*A. C. Snyder*, for defendant.

If the presentment in this case can be maintained, it must be under sec. 1, ch. 32, Code W. Va., p. 202.

The presentment is clearly bad. " Enough of the exact words (of the statute) must be used to identify the statute on which the indictment is drawn; and where enough of such exact words are not used though equivalent ones are, it will be insufficient." Bishop on Stat. Crimes §380.

The statute has, in unmistakable terms, defined the word license in the sense in which it is used, and unless the defendant is without the particular kind of a license —a state license—defined by the statute, he has committed no offense. And if it was intended to charge him with an offense, it could only be done by using the language of the statute, or its equivalent. The word " license" is neither in substance or effect, equivalent to the words " state license." The latter necessarily define an offense against the law, while the former may or may not define an offense. The presentment here offered,

may be true in every allegation, and the defendant may not be guilty. It is, therefore, clearly insufficient. *Young's case*, 15 Gratt., 664; *Cousin's case*, 19 Gratt., 867; *State v. Cain*, 8 W. Va., 720.

It is a well settled rule in criminal pleading, that where a general term is used in a statute in creating an offense, limited by words more precise and definite, the indictment must charge the offense in the particular words used in the statute. *State v. Raiford*, 7 Port. (Ala.) 101.

Where the words used in an indictment to describe an offense, are commonly used in a sense which does not necessarily import an offense, and they are used without any qualification, the indictment is bad, though the same words, in a more strict and technical sense, may describe a criminal act. *State v. Parker*, 43 N. H., 83.

As examples of the strictness of the rule, that the offense must be described in the indictment in the language of the statute, or its certain equivalent, the following Virginia cases are given: *Peas' case*, 2 Gratt., 629; *Boyles' case*, 14 Gratt., 674; *Young's case*, 15 *id.*, 664; *Hampton's case*, 3 *id.*, 562; *Howell's case*, 5 *id.*, 664; *Scott's case*, 14 *id.*, 687; *Taylor's case*, 20 *id.*, 825. The court is also referred to the cases condensed in 7 U. S. Dig. (1st series) p. 379, 380 and 381, under title "Indictment for Statutory Offenses." And also to West Virginia cases as follows: *Parkinson v. State*, 2 W. Va., 589; *Stofer v. State*, 3 *id.*, 689; *State v. Cain*, 8 *id.*, 720.

To show that the motion to quash the presentment was proper in the case at bar, the following authorities are cited: *Huff's case*, 14 Gratt., 648; *Clark's case*, 6 *id.*, 675; *Bell's case*, 8 *id.*, 600.

MOORE, JUDGE, delivered the opinion of the Court:

An indictment was found in the circuit court of Monroe county against A. L. Riffe for selling spirituous liquors without license. On the 18th October, 1872, the

defendant appeared and plead not guilty; and on the 16th October, 1874, defendant again appeared, and moved the court to quash said indictment, which motion was sustained, and the defendant discharged; thereupon, the State petitioned for and obtained from this Court a writ of error, and in that way presents the case for the adjudication of this Court upon two alleged grounds of error:

1st. It was error to quash the indictment upon the ground that it used the language "without a license so to do," instead of the statutory language used in ch. 32, sec. 1, Code 1869, viz: "Without a state license therefor."

2d. It was error to quash the indictment, for the reason that the motion came too late, the defendant having long before plead to the indictment.

Judge Moncure, in delivering the opinion of the court in *Commonwealth v. Young*, 15 Gratt., 666, said: "In an indictment for a statutory offense, it is generally proper and safest to describe the offense in the very terms used by the statute for that purpose. But it is sufficient to use in the indictment such terms in the description, as that, if true, the accused must of necessity be guilty of the offense described in the statute; and especially so in a case falling, as this does, in that class, concerning which the law provides, that "no exception shall be allowed for any defect or want of form in the presentment, indictment or information, but the court shall give judgment thereon according to the very right of the case. Code ch. 207, §24, p. 772. If the indictment may be true, and still the accused may not be guilty of that offense, the indictment is insufficient, even though it fall within the class to which the provision aforesaid refers."

I adopt the language of the learned Judge, because in my view, it not only clearly enunciates the true principle, but is exceedingly *appropos* to this case.

To state the offense in the words of the statute, is the simplest, safest and most correct mode of drafting an

indictment. Whilst, it is true, equivalent words may be used in lieu of the statutory description of the offense, yet it is dangerous as tending not only to material inaccuracy in substance, but also to irregularity in matters of form. But if the words of the statute are not employed, other words clearly equivalent must be used, so as to bring the offense charged within the provision and limitations of the statute defining or creating it.

Judge Moncure, in the opinion in the case just cited, in distinguishing that case from *Peer's case*, 6 Gratt., 674, and *Hatcher's case.* 6 *id.*, 667, said: "In each of these cases the indictment was for retailing ardent spirits not to be drank where sold *without having obtained a license therefor*, and yet was held to be sufficient. But they were founded on the act of March 7, 1834, (Sess. acts ch. 3, p. 6), or the act of March 3, 1840, (Sess. acts, ch. 2, p. 5), which acts are almost identical, the third section of which subjects to the penalty therein mentioned, any person, &c., who shall otherwise than as therein after expressly provided, retail ardent spirits &c.; and the fifth section of which provides, that if any person, having a merchant's license, &c., shall, in addition thereto, obtain a certificate as therein mentioned, he shall, "by virtue of such certificate, but not otherwise, be authorized, during the time for which his merchant's license may have been granted, " to retail ardent spirits, &c. In an indictment on either of these acts, the words " *without having obtained a license therefor*," were plainly equivalent to the words " *without having obtained a merchant's license and certificate, as required by the 5th section.*" The merchant's license and certificate together, constituted a license to retail ardent spirits."

In the case before us, I am of opinion, that the terms used in the indictment, come nearer the statutory description of the offense than did the terms used in the two cases just referred to, as distinguished by Moncure, Judge ; and that the omission of the words " *state*," so as to make the indictment read, " *without a license so to*

*do,"* instead of reading, *"without a state license, &c.,"* is immaterial ; and that the terms used are equivalent to those of the statute. The state Legislature in providing for its own revenue in the act, by adding the word state, meant no more than did the former statute, which omitted the word *state*, but used the word simply in contradistinction of the license required by the federal government, and with which the state had nothing to do ; and that the Legislature did not intend it should be essential as descriptive, it is observed in the fourth section of the same chapter, the word *" license"* is used, and not *" state license."* The court erred in quashing the indictment, because it could have given judgment thereon according to the very right of the case. Code, ch. 158, §21, p. 716. And at most, it is simply the omission of a word, which, in this instance, is mere form and surplusage. Code, ch. 158, §10, p. 715.

As to the question that the motion to quash was made after the plea had been entered : The proper course is to move to quash before pleading, but the court may, at any time before the trial upon the plea, permit the plea to be withdrawn, and enter the motion to quash, at the instance of the defendant.

The judgment of the circuit court should be reversed, with costs to the state against the defendant, and the case remanded to the circuit court, to be proceeded in according to the principles enunciated in this opinion, and further according to law.

JUDGMENT REVERSED and case remanded.