# WHEELING.

## STATE *v.* BOGGESS.

Submitted June 10, 1892.—Decided June 18, 1892.

1. INDICTMENT—INTOXICATING LIQUORS—MINOR.
   An indictment under section 16, c. 32, Code 1887, against a per-

son having a license to sell spirituous liquors for a sale to a minor need not specify the particular place, where the sale was made, or allege, that the place, where the sale was made, was the place designated in the license as the place, at which the license was to be exercised.

2. INDICTMENT.

Form of indictment No. 646, in Hutchinson's Treatise for Justices, *held* good.

3. INDICTMENT.

It is generally sufficient, in an indictment to allege a statutory offence in the language of the statute.

*J. Moreland* for appellant cited Code (1868) c. 32, s. 12; 4 W. Va. 745; 15 Gratt. 664; 11 Gratt. 819; 9 W. Va. 559; Acts 1872–3, c. 99, s. 3; Acts 1877 c. 107; 18 W. Va. 308; Hutchinson's Treatise 1102.

Attorney-General *Alfred Caldwell* for the State cited Code (1891) c. 32, s. 16; Hutch. Treat. 1102 form 646; 76 Mo. 56; Id. 322; 20 Mo. App. 641; 27 Kan. 499; 15 R. I. 529; 72 Wis. 7; 53 Ind. 162; 146 Mass. 146; Id. 203; 112 Ind. 245; 106 Ind. 319; 9 W. Va. 559.

BRANNON, JUDGE:

In February, 1890, in the Circuit Court of Monongalia county, the following indictment was found:

"State of West Virginia, Monongalia county, to wit: The grand jurors of the State of West Virginia, in and for the body of the county of Monongalia, upon their oaths present that A. M. Boggess, on the ——— day of November, in the year 1889, within one year next preceding the date of the finding of this indictment, in the said county, he, the said A. M. Boggess, having then and there a State license to sell spirituous liquors, wine, porter, ale, beer, and other intoxicating drinks, did at his place of business, and on premises under his control, in the town of Morgantown, then and there unlawfully, and in violation of the conditions of his license bond, sell and give-away to Frank Fisher, a minor under twenty one years of age, spirituous liquors, wine, porter, ale, beer, and other intoxicating drinks, he, the said A. M. Boggess, then and there knowing and having reason to believe the said Frank Fisher was then and

there a minor under twenty one years of age, against the peace and dignity of the State."

The court quashed the indictment on defendant's motion, and the State comes to this Court.

The indictment is according to form 646, p. 1102, of Hutchinson's Treatise for Justices. The point of its alleged insufficiency is that it does not specify the particular place where the sale to the minor was made, and does not allege that such place is the same place specified in the license as the place where the business authorized in the license was to be carried on. The defendant's counsel relies chiefly on *Church's Case,* 4 W. Va. 745, holding defective an indictment for a violation of the conditions of a bond given to obtain a license to sell spirituous liquors, not alleging that the offence occurred at the place where the liquors were to be sold under the license.

Now, if we compare the provisions pertinent to this subject found in the Code of 1868, under which *Church's Case* was decided, we find them materially different from those found in the Code of 1887, under which this case was decided. The indictment in *Church's Case* was for permitting a person to drink to intoxication on premises under control of the defendant, and was under section 12, c. 32, Code 1868, which provided that, before any license to sell liquors should be granted, a bond must be given, "conditioned that he will not permit any person to drink to intoxication on any premises under the control of such applicant; and will not sell or furnish any intoxicating drink to any person who is intoxicated at the time, or who is known to him to have the habit of drinking to intoxication, or who is under the age of twenty one years; and that he will not sell or furnish such drink to any person on Sunday. Every person violating any of the conditions of said bond shall be guilty of a misdemeanor, and on conviction thereof shall be fined for each offence not less than ten nor more than one hundred dollars. And he and his sureties in said bond shall be liable in a suit or suits thereon for every such fine, and the costs, until the penalty of the said bond is exhausted."

Now, observe that said section defines the offence, and

provides for conviction, and fixes the fine. Under it alone the act of permitting a person to drink to intoxication, as alleged against Church, could therefore be indicted and punished; and, in fact, it must have been prosecuted under that section, for there was no other section in the Code of 1868 making that act an offence, or providing for its prosecution. But under the Code of 1887 the act of permitting a person to drink to intoxication, and the act of selling to a minor, are punishable under section 16 of chapter 32, which simply punishes one having a license to sell for those acts, without any specification as to the place of sale, and without any reference to the bond; and these acts are punishable only under that section, for there is no other section declaring them offences, or providing for their punishment, since section 22, c. 32, Code 1887, providing for a bond, unlike section 12 on the same subject in the Code of 1868, does not make those acts offences, nor provide for conviction, nor fix any penalty.

In other words, under the Code of 1868, we could look alone to the section requiring a bond to render those acts offences and to provide for their punishment and penalty; whereas, under the Code of 1887, we can not look to the bond section to pronounce such acts offences, or to provide for their prosecution, or to fix the penalty, for it does not perform these functions; but we must look alone to another section (section 16) for the prohibition of these acts, and for the penalty thereof. Section 16, c. 32, Code 1887, reads as follows:

"If any person, having a State license to sell spirituous liquors, wine, porter, ale, beer, or any other intoxicating drink, shall sell or give any such liquors or drinks to any minor, or person of unsound mind, or to any person who is intoxicated at the time, or who is in the habit of drinking to intoxication, or if he permits any person to drink to intoxication, when he knows, or has reason to believe, such person is a minor, or of unsound mind, or is intoxicated, or is in the habit of drinking to intoxication, on any premises under his control, or sell or give any intoxicating drink to any one on Sunday, he shall be guilty of a misdemeanor, and fined not less than twenty nor more than one hundred dollars."

Section 22, c. 32, Code 1887, provides that no license to sell spirituous liquors shall issue until a bond has been given, "conditioned that he will not permit any person to drink to intoxication on any premises under the control of such applicant; and will not knowingly sell or furnish any intoxicating drink to any person who is intoxicated at the time, or who is known to him to have the habit of drinking to intoxication, or who he knows, or has reason to believe, is under the age of twenty one years; and that he will not sell or furnish such drink to any person on Sunday, with the further condition that he will pay all such damages and costs as may be recovered against him by any person under any provisions of chapter thirty two of the Code of West Virginia, as amended. And such applicant and his securities in said bond shall be liable in a suit or suits thereon for the fine and costs which may be recovered against him for any offence under this chapter which is a violation of the conditions of said bond, as well as for the damages hereinbefore provided for, until the penalty of said bond is exhausted."

Is it not apparent that this bond section in the two editions of the Code performs different functions? That in the Code of 1868 created offences and fixed penalties; that in Code of 1887 does not do this, but simply renders the bondmen liable for damages recovered in suits by parents and others, and for fines imposed under chapter 32, including those under section 16. Thus *Church's Case* does not apply to this case at all. As it rested on the bond section in the Code of 1868, and was for permitting the person to drink to intoxication on premises of the party holding the license, and as that section required that the act, to be an offence, should be done on such premises, the court held that the indictment must allege that it was done at the place specified in the license.

But the present case is under section 16, not bond section 22, of the Code of 1887, which section 16 simply and broadly declares that, if any one having license sell or give liquors to minors, he shall be punished in a certain way, not requiring the act to be done at the place to which the license relates. Section 22 has no relation to it. That sec-

tion only makes the bondmen liable for fines assessed under other sections. Section 16, taken alone, defines the offences and fixes punishment, making the defendant alone liable, while section 22 superadds a liabilility on the sureties in the bond. .

It may be said that section 25 provides that a sale by a licensed person at any other place than that specified in the license as the only lawful place of sale shall be deemed a simple sale without license, and must be so indicted under section 1, as in the case of a sale by a person not licensed, and that, if he may be prosecuted either under section 1 or section 16, the minimum fine would be in one case ten dollars, in the other twenty dollars, and thus for the same act there would be different minimum fines.

I see no great force in this argument. I think he can be indicted either for an ordinary sale without license, under section 1, or for an abuse of his license, under section 16—the indictment in the latter case charging that he had such license; and the least fine of ten dollars or twenty dollars would be imposed, according to the form of the indictment—ten dollars if it did not charge that he held such license, twenty dollars if it did so charge; just as a druggist may be convicted for simply a sale without license, or an abuse of his privilege as druggist, and receive different minimum fines, according to the indictments as decided in *State* v. *Cox*, 23 W. Va. 797.

Again, section 16 prohibits sales to minors and in other cases by general language, and makes no provision that such sales must be at any particular place to be unlawful, except only that, as to permitting persons to drink to intoxication, it must be on premises controlled by the holder of the license ; and likewise the condition of the bond provides against sales to minors and in the other cases by general language, without any provision contemplating that sales must be at a particular place to be unlawful, except only as to drinking to intoxication, which, to be violative of the condition, must be on premises controlled by the holder of the license.

Thus even the bond relied on by appellant does not, except in said one instance, require the sale to be at any par-

ticular place; and the fact that in that single instance the act must be done on certain premises goes to show that in other instances or sales no limitation as to place was intended; and, moreover, the limitation in that instance is not to the house specified in the license (and one must be therein specified) but, if it be done on any premises of the licensed party, though they be wider than the house, it is an offence.

This seems to me to show that neither the bond nor the statute means to provide only against acts done at the house specified in the license. Shall we interpolate words into the statute not put there by the legislature? It is generally sufficient and necessary to charge an offence in the language of the act creating it, and without expansion. 1 Bish. Crim. Proc. § 611; *Young's Case*, 15 Gratt. 666; *Crookam's Case*, 5 W. Va. 510; *Riffe's Case*, 10 W. Va. 794.

The policy of the act was to prevent minors, insane and intoxicated persons and persons in the habit of becoming intoxicated, from having liquor at all; and, this being so, we must not in this connection forget that section 49, c. 32, provides that "the foregoing provisions of this chapter shall in all cases be construed as remedial, and not penal;" that is, not strictly and rigidly as criminal or even penal statutes, but liberally, so as to suppress the evil sought to be suppressed, and accomplish the legislative purpose.

The policy of section 16 is to prevent minors, insane persons, and others specified by it from obtaining ardent spirits at all, they being persons needing protection from its evils, in the opinion of the legislature; and it especially enjoins upon persons asking and receiving the state's license that they shall not sell or give to those weak persons spirituous liquors, and the licensed persons have stipulated in their bonds against so doing.

These licensed persons, having quantities of liquors on hand, were regarded by the legislature as under the temptation for gain to sell, or sell under the name of gift, and more dangerous to minors than unlicensed persons; and the prohibition against their furnishing liquors to minors and other persons specified in section 16, whether under the name of sale or gift, is broad and emphatic. If we do

not give the section this construction, then a licensed seller may give children liquor elsewhere than the particular house specified in his license, and go unpunished. The object was to protect these persons, incapable of protecting themselves, against the danger and harm of having intoxicating drinks; and, being intrusted with license, the command of the state is that he shall under no circumstances furnish liquor to those persons.

*Head's Case,* 11 Gratt. 819, has no application to this case. The indictment in it was for selling liquor contrary to a statute prohibiting the sale of liquor "to be drunk in or at the store or other place of sale." The very letter of the statute required that the act, to be an offence under it, must be a sale of liquor to be drunk at a specified place and none other; and the court held the offence local, and that a sale elsewhere would be no offence, and hence required the indictment to allege the particular place of sale. If we could—but I think we can not, as I think the words apply to the act of permitting one to drink to intoxication—if we could say that the words "on any premises under his control," found in section 16, apply to the act of selling or giving liquor to a minor, then the indictment complies with that requirement.

The courts have been libleral as to indictments for violation of the revenue laws, and are required so to be by section 21, c. 158, of the Code. They have held that indictments for selling liquor need not specify the place of sale, except where, as in *Head's Case, supra,* the offence is local. I see no reason for departing from the general rule in this instance, thus by court action amending the statute, inserting words not either in section 16 or the bond, and narrowing their efficacy, and defeating the policy designed to be furthered by the legislature.

The judgment quashing the indictment is reversed, the motion to quash is overruled, and the case remanded for further proceedings.

REVERSED. REMANDED.