## CHARLESTON.

STATE *v.* DOYLE MASTERS

(No. 6186)

Submitted September 11, 1928. Decided September 18, 1928.

*Howard B. Lee,* Attorney General, *W. Elliott Nefflen,* Assistant Attorney General and *Herbert E. Hannis,* Prosecuting Attorney, for the State.

*Kilmer & Byrer,* for defendant in error.

WOODS, JUDGE:

The State, by virtue of section 31, Chapter 135, Code, complains of the judgment of the circuit court of Berkeley county in sustaining the demurrer and notice to quash an indictment and discharging defendant therefrom.

But two points are raised here: (1) the sufficiency of the indictment; and (2) the constitutionality of section 97 of Chapter 43, Code, under which the same was drawn.

The indictment charges "* * * that Doyle Masters heretofore, to-wit, on the ............ day of August, 1927, in the county and state aforesaid, did operate on the public highway in said county a motor vehicle, and while operating said motor vehicle on said public highway in the said county did have an accident, in that he did hit with said motor vehicle and seriously injure and kill one Elmer L. Hicks; and the grand jurors aforesaid, upon their oaths aforesaid, do further represent that the said Doyle Masters then and there after he had hit the said Elmer L. Hicks as aforesaid, did unlawfully fail to stop immediately and give his name, address, and number of his operator's license, and render such assistance as was reasonable and necessary against the peace and dignity of the State. * * *''

The first attack on the substance of the indictment is that it is defective in not alleging that accused "knowingly" did have an accident. The indictment is drawn in the language of the statute. Ordinarily such is sufficient. *State* v. *Riffe,* 10 W. Va. 794; *State* v. *Schnelle,* 24 W. Va. 767; *State* v. *Boggess,* 36 W. Va. 713; *State* v. *Pennington,* 41 W. Va. 599; *State* v. *Watts,* 43 W. Va. 182. In the case of the sale of liquors, as to minors, where the statute simply prohibited such sale without some word like "knowingly" or other expression, the doing the act fixed the offense, no matter about the knowledge or ignorance or intent of the accused. In such case this Court held it need not be alleged in the indictment that the party knew the purchaser to be a minor, or intoxicated, or in the habit of becoming so. *State* v. *Baer,* 37 W. Va. 1; *State* v. *Smith,* 61 W. Va. 332. The statute in the instant case does not make knowledge of the accident a part of the offense, and, under the general rule, it is not necessary for the State to so allege. To hold otherwise would be to defeat the very object of the statute, namely, the protection of the person and property of the traveling public from motorists who seek to dodge all responsibility in cases of accident on the highway to which they are parties. In most cases it would be impossible for the

State to prove *scienter* beyond a reasonable doubt, while the accident itself might properly be proven.

Another point made is that the indictment does not contain the words ''upon request''. It is true that the statute provides that, ''upon request'', the operator of an automobile shall give his name, address and the number of his óperator's license. The indictment under consideration alleges that the defendant did not stop upon the happening of the accident, and hence there was no opportunity for any request to be made of him as to the information he is required to give. The statute does not require impossible or idle acts. *People* v. *Schofield*, 258 Pac. 656. The words in question pertain alone to situations where the defendant does stop.

The defendant also argues that the indictment charges three separate and distinct offenses in one count, and was therefore properly quashed. In case of accident, where the operator of a motor vehicle fails to stop immediately, he is guilty of an offense; if he does stop, and then drives on without making any attempt to render assistance which he must have seen was reasonable and necessary, he is still guilty of an offense; and if he stops and renders assistance, but refuses, upon request, to give his name, address and number of his operator's license, this, also, constitutes an offense. But if he merely drives on, making no attempt to render assistance or give his name, address and number of his operator's license, the whole transaction involves only one offense, and calls for the imposition of but a single penalty. When a statute makes two or more distinct acts connected with the same transaction, or of the same general nature, indictable, each one of which may be considered as representing a phase in the same offense, they may be coupled in one count, and under the rules of criminal pleading and the established practice of our criminal courts, it is competent for the jury, under this form of indictment, to find the defendant guilty of one or more of such distinct acts, as proofs may warrant. *State* v. *Miller*, 89 W. Va. 84; *State* v. *Jarrell*, 76 W. Va. 363; *State* v. *Calhoun*, 67 W. Va. 666.

The second point is the constitutionality of the act upon which the indictment is based. The act, Chapter 43, section

97, Code, provides: "In case of an accident the operator of a vehicle shall stop immediately, and upon request, give his name, address and the number of his operators license, and render such assistance as may be reasonable or necessary; *provided*, that in all cases of accident resulting in injury to any person the operator shall immediately report the details of the same to the commission. Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor and shall be punished with a fine of not less than twenty-five dollars, nor more than one hundred dollars; *provided, further*, that any person convicted of failing to stop and give his name and render assistance in case of a serious injury to any person shall be subject to a fine of not less than one hundred dollars nor more than one thousand dollars, or to imprisonment for not less than thirty days nor more than one year. The penalty shall apply to an owner as well as to an operator." Three objections are raised, namely: (1) that the words "accident", (2) "serious injury", and (3) "reasonable and necessary", are not defined by the act and are vague and uncertain in meaning, and violative of sections 10 and 14 of Article III, State Constitution.

The word "accident", as the context of the section in question clearly indicates, contemplates any situation occuring on the highway wherein a party so operates his automobile as to cause injury to the property or person of another using the same highway. The phrase "serious injury" has reference to a personal or bodily injury to another, i. e., a serious bodily injury. It is in common use, and should be understood by a jury. "The words 'serious bodily injury' are words of ordinary significance, and should not be defined by a charge, as they would be as well understood by any jury of ordinary intelligence as any language by which they might be defined." *Thomas* v. *State*, 55 Tex. Cr. R. 293, 116 S. W. 600.

This is a humanitarian statute. It is also claimed that the requirement of the statute, to "render such assistance as may be reasonable and necessary" is ambiguous, vague and so indefinitely framed, or of such doubtful construction, that it cannot be understood, from the language in which it is expressed

from other written law of the state, and is therefore invalid and inoperative. Not until 1921 did our Legislature undertake general legislation on the subject, but in many states the necessity for statutory enactment to supplement the common law rules was recognized many years before. With the constantly increasing use of motor vehicles for both business and pleasure purposes the demand for. regulations in their use on our public highways has become imperative. A highway is for the use of the public at large; indeed, it has been defined to be a road which every citizen has a right to travel. This being so, it is necessary that the travel thereon shall be governed by certain laws, so that the rights of each citizen may be certain of protection. In construing a motor vehicle law, say the authorities, the Courts should give force and effect to every part of it, to carry out the intent of the law makers, if possible, such intent to be ascertained from the language in its plain and natural meaning. In speaking of such statutes Black's Interpretation of the Law, Section 115, says: "Statutes enacted by the Legislature in the exercise of the police power, for the promotion or preservation of the public safety, health, or morals, may sometimes impinge upon the liberty of individuals, by restricting their use of their property, or abridging their freedom in the conduct of their business. When this is the case, such statutes ought always to receive such a construction as will carry out the purpose and intention of the Legislature with the least possible interference with the rights and liberties of private persons; such enactments being designed to further the general welfare by derogating from the liberty of a few." For the reasons stated, statutes such as we have here under consideration have been enacted in many of the states. The constitutionality of such a statute has been affirmed in every instance brought to our attention. A statute making it a violation of the law for one on having an accident to fail to give his name, etc., has time and again been held to be constitutional. *Commonwealth* v. *Horsfall*, 213 Mass. 232; *People* v. *Rosenheimer*, 209 N. Y. 115; *Ex Parte Kneedler*, 243 Mo. 632; *People* v. *Diller*, 24 Cal. App. 799; Berry on Automobiles (5th ed.) § 1852.

More recently the offense of failing to render "reasonable and necessary" aid or assistance has been added to such statute with like holdings of the courts as to the validity of such charge. *Commonwealth* v. *Zeitler,* 75 Pa. Sup. Ct. 81; *Wolff* v. *Commonwealth,* 211 Ky. 62. The same reasons were assigned in many of the cases that are cited here to support the charge of its invalidity. Such a law is upheld on the ground that it is within the police power of the State. They have been upheld for the reason that the Legislature might altogether prohibit the use of motor vehicles upon the highways or streets of the state. *State* v. *Mayo,* 106 Me. 62; *Commonwealth* v. *Kingsbury,* 199 Mass. 542. We would not go this far. However, the right to use of the highway by any person must be exercised in the mode consistent with the equal rights of others to its use. This, the statute under consideration attempts to enforce. A common-sense interpretation, therefore, must be given to such statute, giving some effect to each part of it. It is patent that it would be impracticable for the Legislature to undertake to say that in a certain kind of accident particular aid should be extended, and in another accident aid of some other character would be proper. Every case must be governed by the circumstances attendant upon it. What would appear to be "reasonable and necessary" aid in one case might not appear in the next one. It is apparent that it would be futile for the Legislature to undertake to be specific in particularizing what aid should be rendered.

Counsel for defendant cites the case of *State* v. *Lantz,* 90 W. Va. 738, to uphold his contention. That it is analagous to the case here, we do not concede. There, the substantive offense created by the statute making it a crime to operate an automobile around a curve on a public road without having the same under control, or without reducing the speed thereof to a reasonable and proper rate, was held to be violative of the constitution and void for uncertainty and indefiniteness. The language of the statute in this instance needs only to be compared with that now under consideration to observe the distinction. No man in driving an automobile around a curve would have any criterion by which he could determine at what

speed his car could be operated around a curve. Intricate questions would arise regarding whether the driver had the machine under control, which would call for expert testimony of the highest order. Whether or not the driver had it under control would depend upon the type of car, the extent of the curve, and the nature of the highway, and the speed of the car. Whether an offense was committed would be impossible of intelligent determination. How different is our case here! Such acts as obtain in the statute under consideration requiring an automobile driver to "stop" and render "assistance" are plain and definite and easily the subject of proof. As we have said, whether the defendant furnished "reasonable and necessary" assistance would be dependent upon the circumstance of each particular case. This is a fact that is easily determinable by the ordinary mind. Even an accused in a criminal case may act in self-defense from what appears to him from his standpoint at the time, and not from the viewpoint of someone else, and be held guiltless of an offense against the law. So, what is reasonable and necessary assistance must be determined in the case under consideration from the accused's standpoint as to how much and what character of assistance appeared to be necessary under any given state of facts. It is readily determinable by a jury of his peers.

Believing the statute should be upheld, and that the indictment before us is sufficient thereunder, the judgment of the trial court is reversed.

*Judgment reversed.*