# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**City of Elkins,**
**Plaintiff Below, Respondent**

**FILED**

August 31, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 14-1238** (Randolph County 14-M-AP-5)

**Joshua G. Black,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

*Pro se* petitioner Joshua G. Black appeals the Circuit Court of Randolph County's October 30, 2014, order finding petitioner guilty of one count of driving on a revoked license, second offense, in violation of West Virginia Code § 17B-4-3, and imposing a fine in the amount of $100 plus court costs.[1] The City of Elkins, by counsel Harry A. Smith III, filed a response in support of the circuit court's order. On appeal, petitioner argues that (1) West Virginia Code § 17B-4-3 is unconstitutional because it violates his constitutional right to travel and to pursue life, liberty, and happiness, and (2) he is only required to obtain a license to drive a vehicle on public highways and roads if he drives a vehicle on public highways for commercial gain.[2]

---

[1]W. Va. Code § 17B-4-3 provides, in relevant part, as follows:

> Except as otherwise provided in subsection (b) or (d) of this section, any person who drives a motor vehicle on any public highway of this state at a time when his or her privilege to do so has been lawfully suspended or revoked by this state or any other jurisdiction is, for the first offense, guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than five hundred dollars; for the second offense, the person is guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than five hundred dollars[.]

[2]In his brief to this Court, petitioner also provides a separate list of seven assignments of error that he attributes to the municipal court. As he did not raise these issues before the circuit court and/or they do not apply to the circuit court's proceedings or rulings, these separate assignments of error are waived for purposes of this appeal from the circuit court's order. Those seven assignments of error are as follows: (1) the municipal court should have dismissed this case because it had to continue the case three times—twice for the officer and once for the city; (2) the municipal court should have dismissed this case because the city attorney and judge questioned their jurisdiction; (3) the municipal court should have dismissed this case because no crime was committed because no party was injured (corpus delicti); (4) the municipal court judge "wouldn't listen" to petitioner's arguments; (5) the municipal court should have dismissed this case because petitioner had a right to travel, a right to choose his mode of conveyance, a "right to
(continued . . . )

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2014, petitioner was convicted in the Municipal Court of the City of Elkins of a violation of West Virginia Code § 17B-4-3, second offense, and sentenced to pay a fine.[3] Petitioner appealed that conviction to the Circuit Court of Randolph County. During October of 2014, the circuit court held a de novo trial on petitioner's appeal from municipal court. The City of Elkins presented the testimony of the investigating law enforcement officer who testified that petitioner drove his vehicle on a public highway while his driver's license had been revoked. Petitioner admitted he drove a vehicle without a valid driver's license and that he had a prior conviction for the same offense. However, he argued that he had various constitutional rights that permitted him to drive his vehicle on public highways as an American citizen without a state-issued license. By order entered on October 30, 2014, the circuit court found petitioner guilty of one count of driving on a suspended or revoked license, second offense, and ordered him to pay a fine of $100 plus court costs. This appeal followed.

This Court has held that "[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Further, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995); see also, Syl. Pt. 1, *State v. Rutherford*, 223 W.Va. 1, 672 S.E.2d 137 (2008) (holding that "[t]he constitutionality of a statute is a question of law which this Court reviews *de novo*."). We also note that "'because a statute is presumed to be constitutional,' our examination of a constitutional challenge to a legislative enactment necessarily involves judicial restraint. *State v. James*, 227 W.Va. 407, 413, 710 S.E.2d 98, 104 (2011)." *State v. Yokum*, 233 W.Va. 439, 443, 759 S.E.2d 182, 186 (2014).

On appeal, petitioner first assigns error to the circuit court's ruling that he is guilty of the criminal offense of driving on a suspended or revoked license, second offense, in violation of West Virginia Code § 17B-4-3 because he claims that statute violates his constitutional rights to travel and to pursue life, liberty, and happiness. While petitioner argues that West Virginia Code

---

locomotion," and the police cannot invalidate these rights; (6) police action is only required for threats to the public, but petitioner was "driving safely following the rules of the road and was not a threat to anyone"; (7) the municipal court trial was "fake" because it is not a court of record. *See Whitlow v. Bd. of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993) (providing that "[o]ur general rule is that nonjurisdictional questions not raised at the circuit court level, but raised for the first time on appeal, will not be considered.").

[3]It is unclear from the record on appeal how much the municipal court fined petitioner.

§ 17B-4-3 is unconstitutional, we disagree. Petitioner relies upon this Court opinion in *Ex Parte Dickey*, 76 W.Va. 576, 85 S.E. 781 (1915), in support of his claim, but *Dickey* does not stand for the proposition that the West Virginia Legislature lacks the authority to impose licensing requirements on citizens. *Dickey* is also clearly distinguishable from the case at bar. In *Dickey*, this Court was confronted with a challenge to a municipal ordinance regulating common carriers operating on public highways. Importantly, in that decision, this Court noted that, as to "[t]he right of a citizen to travel upon the highway and transport his property thereon . . . the extent of legislative power is that of regulation[.]" This Court also noted in *Dickey* that legislatures have regulated different forms of vehicles on public roads since this country's early history. We explained the need for such regulation over a decade later in *State v. Masters*:

> With the constantly increasing use of motor vehicles for both business and pleasure purposes[,] the demand for regulations in their use on our public highways has become imperative. A highway is for the use of the public at large; indeed, it has been defined to be a road which every citizen has a right to travel. This being so, it is necessary that the travel thereon shall be governed by certain laws, so that the rights of each citizen may be certain of protection.

106 W.Va. 46, 144 S.E. 718, 719 (1928), overruled on other grounds, *State v. Tennant*, 173 W.Va. 627, 633-34, 319 S.E.2d 395, 401 (1984).

As to our review of the constitutionality of a statute, we discussed this Court's role in that process in Syllabus Point 1 of *State ex rel. Appalachian Power Company v. Gainer*, 149 W.Va. 740, 143 S.E.2d 351 (1965) and held that

> [i]n considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

*See also* Syl. Pt. 4, *State v. Flinn*, 158 W.Va. 111, 208 S.E.2d 538 (1974) (holding that "[w]hen the constitutionality of a statute is questioned every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment."). With regard to criminal statutes, we have held that "[a] criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication." *Id*. at 111, 208 S.E.2d at 538, Syl. Pt.1. We have also held that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to

construe but to apply the statute." Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548*, 144 W.Va. 137, 107 S.E.2d 353 (1959).

Following a thorough review of the record on appeal and the arguments presented, we find no authority for petitioner's contention that West Virginia Code § 17B-4-3 is unconstitutional. On its face, West Virginia Code § 17B-4-3 is clear and unambiguous, as it sets forth the legislative intent to deter individuals from driving on a suspended or revoked driver's license, which is a legitimate State interest. "Judicial interpretation of a statute is warranted only if the statute is ambiguous[.]" Syl. Pt. 1, in part, *Ohio Cty. Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983). Because the statute in question is unambiguous, judicial interpretation of it is unnecessary. Moreover, West Virginia Code § 17B-4-3 has sufficient definiteness to give a person of ordinary intelligence fair notice that his or her contemplated conduct is prohibited by law and provides adequate standards for adjudication. Accordingly, given the facts and circumstances presented in this case, we find no error in this regard.

Petitioner's second and final assignment of error is that he is only required to obtain a license to drive a vehicle if he does so on public highways for commercial gain. Although petitioner claims *Dickey* supports his contention that a driver's license is only required for those operating common carriers in the course of business, we find *Dickey* to be wholly distinguishable from the facts of this case. Moreover, as explained above, *Dickey* does not support petitioner's contention that a valid license to drive a vehicle is required only for business purposes. As we explained, briefly, in *Masters*, there is a need to regulate "motor vehicles for both business *and pleasure purposes*[.]" 106 W.Va. at 46, 144 S.E. at 719 (emphasis added). As such, we find no merit to this assignment of error.

For the foregoing reasons, the circuit court's October 30, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II