## CHARLESTON.

SHINN *et als. v.* O'GARA COAL MINING COMPANY.

Submitted June 8, 1911.    Decided April 22, 1913.

1.  LIFE ESTATES—*Action by Life Tenant.*
      A life tenant has such interest as entitles him to sue for the forfeiture imposed on an adjoining owner or tenant by section 7, chapter 79, Code 1906, for mining for coal within five feet from the division lines.    (p. 327).

2.  SAME—*Action by Life Tenant—Joinder of Remaindermen.*
      And such life tenant may join with the reversioners or remaindermen in such action, and a declaration so joining them is not bad on demurrer for misjoinder of parties.    (p. 327).

      (LYNCH, JUDGE, absent).

Error to Circuit Court, Harrison County.

Action by Mary R. Shinn and others against the O'Gara Coal Mining Company.    Judgment for defendant, and plaintiffs bring error.

*Reversed and Rendered.*

*Davis & Davis* and *Osman E. Swartz,* for plaintiffs in error.

*John Bassel,* for defendant in error.

MILLER, JUDGE:

The demurrer to the declaration was sustained and there was a final judgment of *nil capiat,* to which the present writ of error applies.

Plaintiffs, the life tenant and remaindermen, joined in an action of trespass on the case to recover of defendant the penalty or forfeiture imposed by section 7, chapter 79, Code 1906. That section provides: "No owner or tenant of any land containing coal shall open or sink, or dig, excavate or work in any coal mine or shaft, on such land, within five feet of the line dividing said land from that of another person or persons, without the consent, in writing, of every person interested in, or having title to, such adjoining lands in possession, reversion, or remainder, or of the guardians of any such persons as may be infants.    If any person

shall violate this section, he shall forfeit five hundred dollars to any person injured thereby who may sue for the same."

Two grounds of demurrer have been argued, and submitted, (1) that the life tenant has no such interest as entitles her to maintain the action; and, (2) that the life tenant and remaindermen cannot join in such action. A sufficient answer to the first proposition, it seems to us, is that the act enjoined cannot be done without the consent in writing of *every person interested in,* or *having title to* such adjoining lands *in possession, reversion,* or *remainder,* and that the person offending shall forfeit five hundred dollars to *any person injured* thereby *who may sue for the same.* Certainly the persons whom the statute assumes will be injured by the forbidden act are those whose consent in writing is required as a condition of doing the thing otherwise prohibited. These persons are every one interested in, or having title to, the land in possession, reversion, or remainder. Certainly a life tenant in possession is within the plain terms and meaning of the statute, and one of those whose consent is necessary, and who is entitled to sue. And we have decided that the owner of a vein of coal without ownership of the surface is also within the terms of the statute. *Gawthrop* v. *Fairmont Coal Co.,* 68 W. Va. 650. The language of the law we think too plain for controversy. Right and remedy are both given by statute; neither depend on the rules and principles of the common law.

But can the life tenant and remaindermen join in the action? The court below evidently concluded that they could not, on principles of the common law. Suits for wrongful acts of a temporary character interfering with the beneficial use and enjoyment of the property, and diminishing the value of the possessory interest, can, in general, be maintained only by the tenant in possession; while on the other hand if the injury be of a permanent nature causing damage to the inheritance then the reversioner alone can maintain the action. 1 Addison on Torts, 429, 430; 3 Rob. Pract. 416; 2 Washburn on Real Prop., section 1517.

But here neither the right nor remedy depend upon the common law. Both are conferred by statute, and the beneficiaries are so clearly designated as to leave nothing for inference or controversy. Nor does the statute conferring right and remedy necessarily imply any physical invasion of the beneficial use or enjoyment of the property by the tenant in possession, or actual damage to the

inheritance, other than a violation of statutory rights, as a condition precedent to the right of action. The injury contemplated and giving right of action is the injury done the parties by a violation of the right of action is the injury done the parties by a violation of the statute. *Mapel* v. *John,* 42 W. Va. 30. This right of action is not the ordinary *qui tam* action given by some statutes, but one coupled with an interest in the land or property affected, and not affecting the public in general. And while it does not otherwise necessarily imply actual injury done, the right is given as a protection to the estates and interests in land and to those persons described who have been or may be actually injured by a violation of the statute, and to no one else. We need not say whether less than the whole number interested can sue for the forfeit, but a fair construction of the statute, we think, admits of but one recovery, and as all have right, all may, if they so elect, as they have in this case, join in the action, and there is no misjoinder.

These views lead to a reversal of the judgment below and we will enter here such judgment as we think the court below should have entered, overruling the demurrer and ruling defendant to plead to issue.

*Reversed and Rendered.*