# CHARLESTON.

SELVEY *et al.* v. GRAFTON COAL & COKE Co.

Submitted June 8, 1912.    Decided September 23, 1913.

1. ACTION—*Joinder of Causes of Action—Diversity of Interests.*
    Two or more plaintiffs may join in an action to recover the penalty provided by Section 7, Chapter 79, Code (1906), for the unlawful mining and removal of coal within five feet of their property line, provided they have some interest in either the surface of the land or the vein of coal or in both; and it makes no difference that some of them are interested in the coal and others in the surface only; or, any such interested

person may sue alone. But there can be but one recovery for such wrong. (p. 682).

2.  MINES AND MINERALS—*Unlawful Mining—Action for Penalty—Declarations.*

The declaration in such action is sufficient if it avers the wrong in language the legal equivalent of the terms of the statute; it need not be in the exact words of the statute. (p. 683).

3.  SAME—*Unlawful Mining—Action for Penalty—Variance—"Land."*

Under an averment that plaintiff owns "land" he may prove that he owns coal under the land; such proof is not a material variance from the allegation. (p. 683).

4.  APPEAL AND ERROR—*Harmless Error—Judgment.*

In such joint action by several, the uncontradicted testimony of any one of them that he did not consent in writing to the removal of the coal, will warrant a judgment against defendant for the full penalty, the proof in other respects being complete; and it is not material to defendant whether judgment be rendered in favor of all the plaintiffs or only in favor of the one who so testified. (p. 683).

5.  MINES AND MINERALS—*Unlawful Mining—Action for Penalty—Damages.*

In such action it is not necessary to prove damages, or special injury. The statute fixes the amount of recovery for its violation, without regard to the amount of damages actually suffered. (p. 684).

(ROBINSON, JUDGE, absent).

Error to Circuit Court, Taylor County.

Action by John W. Selvey and others against the Grafton Coal & Coke Company. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Warder & Robinson,* for plaintiff in error.

*J. L. Hechmer* and *J. H. S. Barlow,* for defendants in error.

WILLIAMS, JUDGE:

Plaintiffs recovered a judgment for $500, the forfeiture provided by section 7, chapter 79, Code (1906), to be paid to the party injured, for mining and removing coal within five feet

of his property line, without his consent in writing, and defendant was awarded this writ of error.

The first error assigned is that the court improperly overruled the demurrer to the declaration. It is urged that there is a misjoinder of plaintiffs, that only one could sue. This question was recently decided otherwise in *Shinn* v. *O'Garra Coal Mining Co.*, — W. Va. —, 78 S. E. 104. We there held that the life tenant and remainderman, or reversioner, could unite as plaintiffs in one action. The words of the statute, "any person injured thereby," include all persons whose property is injured by a violation of the statute. But, of course, there can be but one recovery; and if more than one is injured by the same violation of the statute, there is no reason why they should not all join.

The declaration is in three counts in debt. It is not necessary for us to decide whether or not the first count is bad for failure to aver that the defendant was "the owner or tenant of any land containing coal." For, even if this count is bad, and either one of the other two is good, the demurrer, being general and not to each count, was properly overruled. The statute does not prescribe the form of action, and therefore an action of debt lies. *Maple* v. *John,* 42 W. Va. 30, decides that either debt or trespass on the case lies to recover the forfeiture.

The second count is good; it avers that plaintiffs are the owners of a certain tract of land containing coal, and that defendant is the lessee of an adjoining tract containing the same vein of coal, and also avers that the defendant "unlawfully and contrary to the statute in such cases made and provided, did dig, excavate, work, mine and remove the said vein of coal within five feet of the said boundary and division line between said tracts of coal land, without the consent of the plaintiffs in writing or otherwise." This is a sufficient averment that the statute has been violated, and that the defendant is liable for the forfeiture thereby imposed. It is immaterial that the declaration does not allege how the defendant encroached within five feet of the line, whether by sinking a shaft, or by following and removing the vein of coal from its outcrop on the hillside. Digging and removing the coal within five feet of the line, without written per-

mission, constituted the wrong; the manner of doing it was not material.

It is further urged that the declaration is defective because it does not state the cause of action in the exact language of the statute. But the pleader has employed language which is the legal equivalent, and that is sufficient. Even in case of an indictment for a statutory offense, where the rules of pleading are, if any difference, more rigid than in civil cases, it has been held that, although it is the safer method to pursue the exact language of the statute in describing the offense, still it is sufficient to do so in legally equivalent language. *State* v. *Riffe*, 10 W. Va. 794. True, the statute is penal in nature, and is therefore subject to strict construction. But the rule is applied only for the purpose of ascertaining the actual wrong intended to be prohibited. *Gawthrop* v. *Fairmont Coal Co.*, 68 W. Va. 650, 70 S. E. 556. It does not apply to the form and manner of pleading.

The defendant offered no evidence, but submitted its case upon a demurrer to plaintiffs' evidence; and it is insisted that its demurrer was improperly overruled. But we do not think so.

The court properly overruled defendant's objection to the introduction of the deed from Thomas Selvey to John W. Selvey, dated 14th May, 1890. There is no material variance between that deed and the averment in the declaration that plaintiffs are the owners of the land. That averment is substantially proven by the deed, notwithstanding it purports to convey only coal and mining rights. Coal in place is land. The word "land" includes "tenaments and hereditaments, and all rights thereto and interests therein, except chattel interests." Section 17, clause 15, chapter 13, Code. Proof that plaintiffs were owners of coal in place was not a material variance from the averment that they were the owners of land which contained a valuable vein of coal. The statute authorizing this action was designed to protect the owner of the seam of coal as well as the owner of the surface of the land above it. *Gawthrop* v. *Fairmont Coal Co., supra.*

It is contended that the evidence does not prove that defendant did not have plaintiffs' consent in writing. John W. Selvey testified that he did not give his consent; this proves that he, at

least, was entitled to recover; and even if he was the only one entitled to recover anything, he would be entitled to the full penalty of the statute. Therefore, the question whether or not some of the other plaintiffs gave their consent could not affect the rights of defendant. It was immaterial to the Grafton Coal Company whether it pays the penalty to one of plaintiffs or to all of them jointly, as one payment discharges it as to all.

Defendant claims that it is not proven that it was the owner or tenant of the adjoining land. Plaintiffs introduced in evidence the coal lease from Adolphus Armstrong to defendant for the coal under a number of contiguous tracts of land, one of which is described in the lease as "the Thomas Selvey parcel of thirty-two and three-fourth acres." The lease refers to the deed from Selvey to Armstrong by date, deed book and page where recorded. That deed is also in evidence. It conveyed coal and described the tract of land containing it by metes and bounds, and also as containing 37 acres and 3 roods, and excepts 5 acres of coal which is also described by metes and bounds. Five acres deducted leaves the exact quantity conveyed to defendant: This evidence, together with the testimony of witnesses who surveyed the lines of the five acres and also the mine, and who viewed the mine, and the testimony of other witnesses that defendant was then, and had been, operating the mine, established the facts that defendant is the lessee, that its coal is in a tract contiguous to the plaintiffs', and that defendant had removed the coal within five feet of the dividing line of the properties. The testimony of the county surveyor, R. A. Morrow, and George Brackett, the mining engineer, who surveyed the lines of the five acres, proves the location of the line encroached upon, with sufficient definiteness.

Defendant is not prejudiced by the introduction in evidence of the excerpt from the deed of Thomas Selvey and wife to Adolphus Armstrong, containing the metes and bounds of the five acres reserved in that deed. It was the data upon which the surveyor had made his survey of those lines. The deed itself is in evidence and the metes and bounds of the five acres are therein given and are identical with those given in the paper objected to.

It was not necessary for plaintiffs to prove injury. The injury

is inferred from the doing of the wrongful act. The statute fixes the penalty, and the question of damages does not enter into the case. However much plaintiffs might have been actually injured, they could not have recovered more, in this action, than $500.00, the amount fixed by statute. *Maple* v. *John,* 42 W. Va. Va. 30.

Inasmuch as the statute protects the owners of coal in place as well as owners of the surface lands, it is immaterial that one of plaintiffs is a joint owner only of the coal, while the others are joint owners of both coal and surface. All, nevertheless, have the right to join in this action to recover the forfeiture. The judgment is affirmed.

*Affirmed.*