# CHARLESTON.

## STATE *v.* WATTS.

Submitted January 22, 1897—Decided March 24, 1897.

INTOXICATING LIQUORS—*Indictment—Prescription of Physician.*
Indictment against physician for issuing prescription under sections 6 and 7, chapter 32, of the Code, to aid druggists in violation of provisions of said chapter, *held* sufficient. (p. 185.)

Error to Circuit Court, Wayne county.

Alvis Watts was indicted for issuing prescriptions to aid druggists to violate the liquor law, and brings error. From a judgment sustaining the demurrer to the complaint the state brings error.

*Reversed.*

T. S. RILEY, ATTORNEY GENERAL, for the State.

McWHORTER JUDGE:

Alvis Watts was indicted in the Circuit Court of Wayne county on the 30th day of January, 1896, which indictment is as follows: "State of West Virginia, Wayne county, to wit: The grand jurors of the State of West Virginia in and for the body of the county of Wayne, impaneled and sworn in the Circuit Court of said county, and now attending said court upon their oaths, present that Alvis Watts, a practicing physician, in said county, on the 1st day of January, 1896, for the purpose of aiding one Fitzhue Stephens, a licensed druggist doing business as such in said county, in violating chapter 32 of the Code of West Virginia, in the unlawful sale of spirituous liquors, did unlawfully give one G. W. Fry a written prescription for spirituous liquors, specifying therein the said G. W. Fry as the person to whom said liquors were to be furnished by said Fitzhue Stephens, druggist, together with the kind and quantity of liquors to be so furnished, and did in said prescription falsely, knowingly, and unlawfully state that said spirituous liquors so prescribed were absolutely necessary as a medicine, and not to be used as a beverage; he, the said Alvis Watts, then and there well knowing that said spirituous liquors so prescribed for the said G. W. Fry were not absolutely necessary as a medicine for the said G. W. Fry, and were to be used by him as a beverage, against the peace and dignity of the State. Found at the January term, 1896, of said court, upon the information of G. W. Fry, sworn in open court, and sent before the grand jury to give evidence before that body,"—to which indictment the defendant appeared and demurred, which demurrer the court sustained on the 26th day of May, 1896, and discharged the defendant, from which judgment the State was allowed from this Court a writ of error.

The indictment was made under that clause of section 6, chapter 32, of the Code, which provides that "no sale of alcohol, except for mechanical or scientific purposes, spirituous liquors or wine shall be made by any druggist under the provisions of this chapter, except upon the written prescription of a practicing physician in good standing in his profession, and not of intemperate habits, specifying the name of the person and the kind and quantity of liquors to be furnished him, and stating that such liquors, so prescribed, are absolutely necessary as a medicine for such person, and are not to be used as a beverage, and not more than one sale shall be made upon the same prescription"; and of the first clause of the succeeding section, which says: "If any physician shall, for the purpose of aiding a druggist or other person in the violation of any of the provisions of this chapter, or otherwise, give such prescription and make such statement falsely, he shall be guilty of a misdemeanor and fined not less than fifty nor more than two hundred dollars." In *State* v. *Riffe*, 10 W. Va. 794, this Court held that in an indictment for a statutory offense it is generally proper and safest to describe the offense in the very terms used by the statute for that purpose; and further it held that, "if the words of the statute are not employed, other words clearly equivalent must be used, so as to bring the offense charged within the provisions and limitations of the statute defining or creating it."

The attorney for defendant does not point out any particular grounds of demurrer. I have carefully compared the indictment with the statute under which it is drawn. The only point which I can conceive could be raised as to the sufficiency of the indictment is in laying the venue, which is as follows: The grand jurors "upon their oaths present that Alvis Watts, a practicing physician, in said county, on the 1st day of January, 1896, for the purpose of aiding one Fitzhue Stephens, a licensed druggist doing business as such in said county, in violating chapter 32 of the Code of West Virginia, in the unlawful sale of spirituous liquors, did unlawfully give," *etc.* If it be contended that the words "in said county," after the word "physician," are merely descriptive of the person, then they are mere surplusage, and mean nothing; if used to lay the

venue, they make complete sense, and show that said physician, on the day mentioned, did do the act in said county in said indictment charged.    There are two or three other ways in which it might have been stated with equal, but no more, certainty, yet probably with a little more elegance of diction.    For instance, "that Alvis Watts, a physician, did, on the 1st day of January, 1896, in the county aforesaid, unlawfully, for the purpose," *etc.*, or "that Alvis Watts, a physician, on the 1st day of January, 1896, did, in the county aforesaid, unlawfully, for the purpose," *etc.* If the words "practicing" and "physician" had been transposed in the indictment so as to read, "that Alvis Watts, a physician practicing in said county," the indictment would have been clearly bad, because the words "in said county" would have qualified the word "practicing" by showing where it was done.    If it had been intended to be descriptive of the person, the preposition "of" would have been used instead of "in," so it would have read "a practicing physician of said county," in which case the indictment would have been bad.    I am of the opinion that the indictment is sufficient under the statute.    Therefore the judment of the circuit court is reversed, and the case remanded for further proceedings to be had therein.

*Reversed.*