# CHARLESTON.

## STATE v. V. S. LYNCH

Submitted September 3, 1919.   Decided September 9, 1919.

1. INDICTMENT AND INFORMATION—*When Indictment in Language of Statute Insufficient.*

   If a statute creating an offense does not by its terms define the particular wrongful act, in such manner and to such an extent as to disclose all of its essential elements, an indictment in the language of the statute is not sufficient. It should expand the words of the statute by such specification of the essentials of the offense as will define it with particularity. (p. 439).

2. OBSTRUCTING JUSTICE—*Indictment must Allege Threat and Against Whom Made.*

   An indictment under sec. 30 of ch. 147 of the Code, purporting to charge an attempt to intimidate a witness by means of a threat and to obstruct and impede the administration of justice by such means, should disclose the nature of the threat and the person against whom it was made; and omission of such disclosure is a fatal defect therein. (p. 440).

3. SAME—*Exact Words of Threat not Necessary in Indictment.*

   In such case, it suffices to indicate the nature and character of the threat by the use of any appropriate terms and the exact words in which it was made need not be used. (p. 440).

4. SAME—*Indictment Must Allege Scienter.*

   Omission from such an indictment of an averment of *scienter* on the part of the accused is a fatal defect also. (p. 440).

Case Certified from Circuit Court, Mason County.

V. S. Lynch was indicted for an attempt to intimidate a witness summoned to testify before a grand jury, and by means thereof to obstruct the administration of justice. Motion to quash indictment and a demurrer thereto overruled, and question certified.

*Demurrer and motion to quash sustained, and decision certified to circuit court.*

*E. T. England,* Attorney General, and *Chas. Ritchie,* Assistant Attorney General, for the State.

*Pendleton, Mathews & Bell,* for defendant.

POFFENBARGER, JUDGE:

The question certified in this case is, whether an indictment charging an attempt to intimidate a witness summoned to give evidence before a grand jury, and, by means of such intimidation, to obstruct and impede the administration of justice in the Circiut Court of Mason County, is sufficient. A motion of the accused to quash the indictment and his demurrer to it were overruled.

The indictment purports to charge an offense under sec. 30 of ch. 147 of the Code, reading as follows: "If any person by threats, force, or otherwise, intimidate or impede, or attempt to intimidate or impede any judge, justice of the peace, juror, witness, arbitrator, umpire, or any officer or member of any court in the discharge of his duty as such, or by any means obstruct or impede the administration of justice in any court, he shall be guilty of a misdemeanor, and unless otherwise provided by law, he shall be fined not less than twenty-five nor more than two hundred dollars, and be imprisoned in the county jail not exceeding six months".

It avers that the accused "did unlawfully attempt to intimidate by means of threats and otherwise" a certain person, "a witness who was then and there duly and legally summoned to appear and give evidence before the Grand Jury of Mason County, West Virginia, at the June Term, 1915, of the Circuit Court of said Mason County, for the purpose of preventing" said person "from giving evidence before the said Grand Jury in obedience to said summons, whereby the said V. S. Lynch attempted to obstruct and impede the administration of justice in the said Circuit Court of said Mason County, West Virginia, by attempting by threats and otherwise to intimidate the said" person, "and prevent his appearance before the said Grand Jury of the said Circuit Court to give evidence therein," etc.

Two principal grounds of attack upon the indictment are, (1) its failure to disclose the nature of the threat or other means of intimidation employed in the alleged attempt; and, (2), lack of an averment of knowledge on the part of the accused that the person upon whom the attempt is

alleged to have been made was a witness before the grand
jury.

Ordniarily, it suffices to charge an offense in the language of
the statute creating it.  *State* v. *Chafin,* 78 W. Va. 140; *State*
v. *Jones,* 53 W. Va. 613; *State* v. *Boggess,* 36 W. Va. 713;
*State* v. *Riffe,* 10 W. Va., 797.  But this rule has its well
defined exceptions.  It does not apply unless the language
of the statute embraces all of the essential elements of the
offense.  *Church's Case,* 4 W. Va. 745; *State* v. *Boggess,* 36
W. Va. 713.  ''Though generally sufficient to charge in an
indictment an offense in the words of a statute, yet if this
does not sufficiently define the particular wrongful act, and
give notice to the defendant of the offense he is required to
meet—the particular criminal act in its essentials—the statute
words must be expanded by such specification of the es-
sentials as will define the offense with particularity.''  *State*
v. *Mitchell,* 47 W. Va. 789.  To the same effect see *Boyd* v.
*Commonwealth,* 77 Va. 55; 21 Ency. Pl. & Pr. 672; 22 Cyc.
339-341.

In respect of pleading, there seems to be a well defined
distinction between offenses charged as having been accom-
plished and those charged as having been attempted.  In
*State* v. *Schnelle,* 24 W. Va. 767, it was held that an indicment
alleging the accused did slay, kill and murder a named
person, was sufficient to inform him fully and plainly of the
character and cause of the accusation.  But it would not
be sufficient to charge merely that the accused had attempted
to slay, kill and murder a named. person.  In such case, an
over act constituting the attempt must be averred and an
averment of such an act must necessarily include specifi-
cation of the means employed in the attempt.  *Com.* v. *Clark,*
6 Gratt. 675; *State* v. *Baller,* 26 W. Va. 90.  If the indict-
ment had charged intimidation instead of an attempt to in-
timidate, the averment might possibly have been held to be
one of fact and to have been sufficiently certain.  *Com.* v.
*Freely,* 2 Va. Cas. 1.  As to this, however, we express no
opinion. *State* v. *Schnelle,* cited, might not sustain it, because
the form of indictment used in that case had been prescribed
by statute and the real question was whether the statute

was constitutional and valid. Here, an indictment for intimidation would be tested by common law rules and principles.

This indictment purports to charge an overt act, but the charge is made by the use of a generic and indefinite term, viz: "threats." The thing done or words used by the accused, by way of threat are not disclosed. Nor is the person against whom the threat was made indicated. The words used might or might not, if disclosed, amount to a threat, and, if so, the relation of the threatened person or property to the parties concerned might be so remote as to make it appearent that the threat could have had no tendency to intimidate or influence the party alleged to have been affected by it. Without specification of these particulars, an indictment purporting to charge an attempt to intimidate does not disclose essential elements of the offense. In other words, it does not show, otherwise than by way of conclusion, that any offense has been committed. It does not fully and plainly inform the accused of the character and cause of the accusation against him, agreeably to common law and constitutional guaranties, nor afford him adequate protection under the law of former adjudication. This conclusion is well sustained by authority. *People* v. *Jones,* 62 Mich. 304; *Robinson* v. *Com.,* 101 Mass. 27; *People* v. *Frey,* 112 Mich. 251; 21 Ency. Pl. & Pr. 672.

If it can be said that the indictment purports to charge two offenses, an attempt to intimidate a witness and an attempt to obstruct and impede the administration of justice, and that, as to the latter, the rule of pleading should be less strict, in some respects, the requirement of specification of an overt act constituting an attempt could not be dispensed with. No attempt to obstruct or impede otherwise than by the threat made to the witness is charged or suggested; and it is just as essential, therefore, that the nature of the threat be disclosed in the one case as in the other.

The omission of an averment of *scienter,* or knowledge of the status of the parties and intent to intimidate the witness or obstruct and impede the administration of justice, is equally fatal. Though the case of *Pettibone* v. *United*

*States,* 148 U. S. 197, differs from this in respect of the status of the parties, the character of the offense and other particulars, it applies a general principle of criminal law. It holds that, to be criminal, an obstruction of the course of justice must be intentional, and that the indictment must aver that the act of obstruction was done with knowledge and intent to obstruct.   The indictment in that case was founded upon a statute similar to the one involved here.   For the proposition that, under the federal statute, knowledge and intent are material and essential elements and must be established by proof, *United States* v. *Key,* 39 Fed. Rep. 603, is direct authority.   When these elements are essential, they must be averred as well as proved.

But the threats need not be set out in the exact words in which they were made. 21 Ency. Pl. & Pr. 673. And a general averment of *scienter* will no doubt suffice.

As the indictment is defective in both respects, however, it should have been quashed in the court below.   The demurrer and motion to quash will be sustained and the decision certified to that court.

*Demurrer and motion to quash sustained, and decision certified to Circuit Court.*