# CHARLESTON.

STATE *v.* JESSE CONSTABLE.

Submitted March 7, 1922.　Decided March 14, 1922.

1. INDICTMENT AND INFORMATION—*Non-Support—Words "Without Just Cause" Equivalent to "Without Lawful Excuse."*

   The indictment in this case for alleged non-support by defendant of his minor child, founded on section 16c (1), chapter 144 Barnes' Code 1918, which alleges the offense in the form of the complaint and warrant prescribed by section 16c (2) of said chapter, is not bad on demurrer or motion to quash because it omits to aver that the derelictions of the defendant were *unlawfully* done and were *without lawful excuse*, the words "without just cause" employed in the indictment and in the form for the warrant being the equivalent of the words "without lawful excuse" contained in said section 16c (1). (p. 518).

2. SAME—*Sufficiency—Statutory Offenses.*

   Generally it is sufficient in an indictment to describe the offense in the language of the statute, or in the form of indictment or warrant, when they are prescribed. (p. 519).

3. PARENT AND CHILD—*Support of Child—Destitute or Necessitous Circumstances—Question of Fact for Jury.*

   Although proof of the desertion of wife or children *in destitute or necessitous circumstances*, or neglect or refusal to provide for their maintenance or support, by section 16c (6) of the statute, constitutes prima facie evidence that such

desertion, neglect or refusal was *wilful*, the burden remains on the state in each case to show by competent evidence the "destitute or necessitous circumstances" of such dependents, a question of fact for the jury.   (p. 520).

4.  SAME—*Support of Dependent Child by Others—Object of the Statute.*

In such case it is no defense for the defendant to show that the dependent wife or child has been supported by the voluntary actions of third persons, except perhaps in the case of a proved or presumed adoption of a child, or by the exertions and labors of the wife, or by the charity of kind and generous friends or relatives, or by charitable institutions. The object and spirit of the statute is to compel the parent to perform his parental duty.   (p. 521).

5.  SAME—*Judgment Against Father Allowing Wife Stipulated Sum for Maintenance of Child—Effect Where Wife Has Remarried—Presumption Where Step-father Has Undertaken Care and Custody of Child.*

When, on such indictment, the court, after a verdict of guilty, suspends judgment thereon and undertakes to enter an alternative judgment that defendant pay the wife a stipulated monthly sum for the future support and maintenance of· the child, when after the indictment and before judgment she has intermarried with another man, who has taken the infant into his family· and is properly maintaining and supporting it there, the judgment in favor of the wife for such support, without evidence showing the destitute and necessitous circumstances of the child, is erroneous and should be reversed.   In such .case the presumption is that the step-father has accepted the minor child into his custody and has agreed to provide it proper maintenance and support, a presumption, however, which may be overcome by competent evidence.   (p. 524).

(RITZ, JUDGE, dissents).

Error to Circuit Court, Tucker County.

Jesse Constable was convicted of non-support and brings error.

*Reversed and remanded.*

*W. K. Pritt,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

By the verdict of the jury, at the June term, 1919, of the circuit Court, the defendant was found guilty as charged in the indictment.

The indictment, substantially in the language of the complaint and warrant prescribed by section 16c (2), chapter 144 Barnes' Code 1918, our non-support statute, alleges that defendant on the————day of————, 1918, and within one year next preceding and until the finding of the indictment "did *without just cause,* being then and there a parent, wilfully neglect and refuse to provide for the support and maintenence of his *legilnnale* child Mary Elizabeth Constable, she being then and there under the age of sixteen years in *destitute and necessitous circumstances.*"

The judgement complained of, pronounced on December 7, 1920, was as follows: "And the court without at this time imposing the penalty provided for in section 16c, chapter 144 of Barnes' Code of 1918, but reserving the right to do so hereafter, doth approve and confirm the verdict finding the defendant guilty and doth determine and require in pursuance of Sec. 16c (4) of said chapter that the said defendant shall pay to the mother of the infant daughter of the said defendant, Mary Elizabeth Constable, Mrs. Nettie Gladys White, formerly Mrs. Nettie Gladys Constable, the sum of $6.00 per month, said monthly payment beginning with the 20th day of December, 1920, and to be paid on the 20th day of each month thereafter until the further orders of the Court; also that the State recover of and from the said defendant the costs of this prosecution. And the said defendant shall enter into bond in the penalty of $500.00, with approved security, conditioned that he will pay the monthly payments aforesaid as they shall severally fall due and that the said Jesse Constable shall make his personal appearance in the circuit court of Tucker County, of West Virginia, whenever ordered so to do."

Section 16c (1) of said statute, which defines the offense, imposes the penalty of fine not exceeding five hundred dollars, or imprisonment in the county jail not exceeding one

year with hard labor, or both fine and imprisonment, and provides that if the fine be not paid, the court may also direct the county court to cause such husband or parent to labor on the roads or other public improvements of the county, for which it shall allow the sum of not less than fifty cents nor more than one dollar per day, which shall be paid to the wife or to the guardian, curator, custodian or trustee of the minor child or children, as the court may order.

Section 16c (4) referred to in the judgment, authorizes the court, after conviction, instead of imposing the penalty imposed by the former section, or in addition thereto, in its discretion, having regard to the circumstances, and to the financial ability or earning capacity of the defendant, to make an order, which shall be subject to change by the court from time to time as circumstances may require, directing the defendant to pay a certain sum periodically to the wife, or to the guardian, curator, or custodian of the infant child or children, or to an organization or individual approved by the court as trustee, and to release the defendant from custody on probation, upon his entering into a recognizance, with or without surety, and in such sum as the court or judge thereof in vacation may order or approve, with conditions as further prescribed therein.

Of the errors assigned and relied on, the first is that defendant's demurrer to and motion to quash the indictment should have been sustained. Two supposed defects in the indictment are pointed out; the first being that it is not alleged that the derelictions of the defendant were *unlawfully* done; second, that the indictment does not charge in the language of said section 16c (1), that the parental delinquencies with which he is accused were "without lawful excuse." We can not accede to either of these propositions. The averment of the indictment, which conforms to the form of complaint and warrant prescibed, charges that the defendant's delinquencies were "without just cause." This is the language applied to the non-support of the wife. Relating to the non-support of a child, the language is "without lawful excuse." But the forms of complaint and warrant plainly imply the intent to make the phrase in the one case the equivalent of the

other. It would be difficult in the face of the whole statute to discover any material difference in meaning between the two phrases. And the statute by its very terms makes it unlawful to omit the duties imposed on the parent.

. To sustain the position of counsel for defendant 2 Bishop's New Criminal Procedure, sec. 503, is cited and relied on. This authority says: ''But if a statute, in describing the offence which it creates, uses the word, (that is, the word *unlawfully*), the indictment founded on the act will be bad if it is omitted; and it is generally best to resort to it, especially as it precludes all *legal* cause or excuse for the crime.'' The statute in question here does not use the word *unlawfully*. The words descriptive of the offense are employed in the indictment, and generally this is sufficient pleading in an indictment for a statutory offense. *State v. Riffe*, 10 W. Va. 794; *State* v. *Watts*, 43 W. Va. 182; *State* v. *Schnelle*, 24 W. Va. 767; *State* v. *Pennington*, 41 W. Va. 599; *State v. Boggess*, 36 W. Va. 713. We think there is no substantial defect in the indictment.

The argument based on the clerical error in the spelling of the word ''legitimate'' is self-correcting. Besides the indictment would not be bad if this word had been wholly omitted; for it is averred that Mary Eizabeth Constable is the defendant's child, and it is immaterial whether she was his legitimate or illegitimate child. The statute imposes upon him the duty of support whether the child be born in or out of wedlock.

The next point of error is that the evidence was insufficient to support the verdict. It is insisted that there was no showing that the child was in *destitute or necessitous circumstances*, but on the contrary, that ever since the decree of divorce of the father and mother, which gave the care, custody and control of the child to the mother, she had been maintained by the mother and maternal grandmother, and had been well provided for by them, and that the destitute and necessitous circumstances contemplated by the statute had not been made to appear. In Georgia it seems to have been held that, notwithstanding the desertion, if the wants of the child be supplied by others, the statutory crime of abandonment is

not made out. *Baldwin* v. *State*, 118 Ga. 328. In *Burton* v. *Commonwealth*, 109 Va. 800, the statute under consideration provided: "That any person who shall, without just cause, desert or wilfully neglect to provide for the support of his wife or minor child in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor, and shall be punished by imprisonment in jail not exceeding one year;" and the same section provided for an alternative judgment substantially like that in section 16c (4) of our statute. The evidence in that case showed that at the time of the alleged desertion the defendant had left a considerable sum of money in the hands of his wife, of which she still had remaining at the time of the indictment $132.00, and also had about $300.00 worth of jewels given her by him, and that she was possessed of real estate costing $375.00. The court refused to instruct the jury that if they found these to be the facts, they should acquit the prisoner. The Supreme Court found no error in the refusal of the court to so instruct the jury, on the ground that it should generally be left to the jury to say upon all the circumstances of each case whether the wife or child was in destitute or necessitous circumstances, the question being dependent on their condition and status in life. But the court gave it as its opinion that the evidence did not make it appear that the wife was at any time in destitute or necessitous circumstances within the meaning of the statute. This case arose under the statute of 1904, which has been superseded by a later and more comprehensive one. Section 1936, Anno. Code of Virginia 1919. The new statute contains a provision similar to our own section 16c (6), saying that: "Proof of the desertion of such wife, child or children shall be prima facie evidence that such desertion, neglect or refusal is wilful." Our statute interpolates the words "in destitute or necessitous circumstances, or neglect or refusal to provide for the support and maintenance of such wife, child or children." Our statute as well as that of Virginia leaves the burden still on the State to prove the destitute or necessitous circumstances rendering the crime complete; for it is not enough to prove desertion or aban-

donment; the destitute or necessitous circumstances of the deserted or neglected wife or child must also be shown.

What then in law constitutes such destitute or necessitous circumstances? The wife swears in this case that the defendant neglected and refused to provide for the support and maintenance of the child during the period named in the indictment, and that she owned no property in her own right; but that during the time subsequent to her divorce and the time defendant neglected and refused to support the child, it was in her care and custody by the decree of the court, and was taken care of and supported by her and her mother. But the evidence of the wife and the grandmother is, that since the marriage of the wife to her present husband, prior to the judgment complained of, the child had been and was then being *properly supported and maintained* by the mother and stepfather.

Some states hold that it is no defense that the wife or child is supported by the voluntary actions of others. *Hunter* v. *State*, 10 Okla. Crim. App. 119, Ann. Cas. 1916A. 612; *State* v. *Bess*, 44 Utah 39. And in Ohio it is held that the same rule obtains when the child is supported by the divorced wife. *State* v. *Stouffer*, 65 Ohio St. 47. But contra, *Mays* v. *State*, 123 Ga. 507; *State* v. *Thornton*, 232 Mo. 298. In other states it is held that the father is not amenable to the non-support law, where a child has been awarded the mother under a divorce decree and the decree did not require the father to contribute to the support of the child. *State* v. *Coolidge*, 72 Wash. 42; *People* v. *Hartman*, 23 Cal. App, 72. But he may be found guilty if the decree giving the mother the custody requires the father to continue to contribute to the support of the child. *People* v. *Schlott*, 162 Cal. 347. In the cases of *State* v. *Bess, supra*, and *State* v. *Waller*, 90 Kans. 829, 49 L. R. A. (N. S.) 588, it was held not to be a defense to the husband that his wife or child is supported and kept from want by her exertions, or by the charity of kind and generous friends or relatives, or by charitable institutions, such not being the intent or spirit of the law. The object of the law is to compel the parent to perform his or her parental duty to the child. It is so

held also in *Bell* v. *State*, (Fla.), 62 So. 654. In consonance with these decisions in Utah and Kansas is our own case of *Kittle* v. *Kittle*, 86 W. Va. 46, holding that the husband is bound to support his wife out of his income, and that the capacity of the wife to earn a living or her ownership of separate estate can not properly be taken into consideration in decreeing her divorce and alimony.

But the case is not before us on the sufficiency of the evidence to support the verdict of guilty as charged in the indictment, which of course can cover only the period between the date of the indictment and one year prior thereto. No final judgment of fine or imprisonment has as yet been pronounced on the verdict. The right to do so was reserved by the court. The only question before us is the correctness or incorrectness of the alternative judgment, that the defendant, for the future, to begin on December 20, 1920, and on the 20th day of each subsequent month until the further order of the court, pay to the mother of the child for its support and maintenance the sum of six dollars per month. It is contended that the "destitute and necessitous circumstances" required as the basis for such judgment does not appear. On the contrary it was made to appear by the evidence that since the finding of the indictment the mother had intermarried with one White, and that the child had been taken into the new family thus established, and was at the time of the judgment being properly maintained and supported by the mother and stepfather. Thereby a new relationship was established, and the maintenance and support of the child under this relationship does not stand upon the same footing as when the support is the result of the labors or of the property of the mother or of strangers. In the case of *Hall* v. *Green*, 87 Me. 122, the action was by the stepfather against the father of the child for its support and maintenance from 1884 to 1893. No express agreement was shown. In that case, as in this, the decree divorcing the mother from the father gave her the custody and control of the child, without alimony or support for the child. It was there held that by obtaining custody and control of the child, the wife as-

sumed and the husband relinquished the responsibility and
duty thereafter of supporting the child except as the court
granting the divorce might thereafter decree, but that no
common-law action could thereafter be maintained against
the father for expenses incurred for support, which accrued
after the date of the decree of divorce. In denying the plain-
tiff relief in that case the court quotes approvingly the law
as laid down by Bishop on Marriage and Divorce, (6th ed.),
vol. 2, sec. 557, as follows: "It seems to be a principle of
the unwritten law that the right to the services and the
obligation to maintain them go together. The consequence
of which would be, that, if the assignment of the custody to
the mother goes to the extent of depriving the father of
his title to the services of the children, he cannot be com-
pelled to maintain them otherwise than in pursuance of
some statutory regulation. When the court granting the
divorce and assigning the custody to the wife, makes, under
the authority of the statute, provision for their support
out of the husband's estate, he would seem, upon principles
already mentioned, to be delivered from all further obli-
gation." A similar holding is found in *Brow* v. *Brightman,*
136 Mass. 187, where it was said that a father is not liable
for the support of his minor child after the custody of the
child has been given the mother by a  decree  under  the
Massachusetts statute; that by the decree taking the cus-
tody and control of the child from the father, he has no
right either to take the child or to support it himself, or
to employ any one else to do so, and that the wife had no
authority to bind him by contract or otherwise to support
the child, and no contract could be implied upon which the
plaintiff in that case could recover in the action; that the
only remedy of the wife was in the suit for divorce, or by
subsequent decree therein. It was so held in *Harris* v. *Har-
ris,* 5 Kans. 46. The rule, however, has been modified, to
some extent at least, by later decisions, and has been re-
stated by Mr. Bishop in a later edition. 2 Bishop on Mar-
riage, Divorce and Separation, (Ed. 1891), secs. 1222, 1223.
According to the later cases the husband can not absolve
himself by the circumstances which rendered it necessary

to dissolve the bonds of matrimony and give the custody of the child to the mother. See also *Plaster* v. *Plaster,* 47 Ill. 290; *Owens* v. *Owens,* 96 Va. 191; *Pretzinger* v. *Pretzinger,* 45 Ohio St. 452. But perhaps these cases do not relieve the defendant of the statutory remedy now under consideration, if the statute in fact creates a right independently of the common-law right or the remedy which might be given in the divorce suit.

Recurring to the new relationship established by the re-marriage of the mother, it is held by many decisions that, while the stepfather, is under no legal duty to support the stepchild, yet if he assumes a parental relation to the child and takes on himself that duty, no obligation on the part of the child to reimburse him is implied. 39 Am. & Eng. Ann. Cas., note page 1180. In 20 R. C. L., page 594, section 10, the doctrine is thus stated: ''Though there is sound authority to the contrary, it is practically the universal rule that a stepfather, as such, is not under obligation to support the children of his wife by a former husband, but that, if he takes the children into his family or under his care in such a way that he places himself in loco parentis, he assumes an obligation to support, them, and acquires a correlative right to their services.'' This rule by the same authority is applied to grandparents who stand in loco parentis. 20 R. C. L., *supra,* section 11.

As we have already said, the evidence in this case, somewhat short of what it might have been, is that the child had been taken into the new family and was being supported by the mother and stepfather, and as the mother swears she had no property, presumably it is being supported by the stepfather. No facts or circumstances are shown indicating that the stepfather is supporting the child upon any condition or express or implied promise of reimbursement, or as an act of charity on his part. To justify the judgment in favor of the wife for the monthly instalments decreed, we think that some facts and circumstances justifying the conclusion that the child was at the date of the judgment in destitute and necessitous circumstances within the meaning of the law, should have been shown;

and for want of such proof we are of opinion to reverse
the judgment and remand the case to the circuit court for
further proceedings.

*Reversed and remanded.*