# CHARLESTON.

## STATE *v.* BILL STERNE.

Submitted April 22, 1924.   Decided May 6, 1924.

1.   CRIMINAL LAW—*Defendant, Who Gave Testimony Before Grand Jury, Incriminating Himself, Was Immune From Prosecution.*

Where one charged with a violation of ch. 32A of the code, before he is indicted, is summoned before the grand jury of the county in which he is afterwards indicted, and he gives fully, freely and truthfully, testimony to the grand jury which tends in any way to incriminate him for the offense for which he is afterwards charged; under sec. 33 of ch. 32A of the code, he is immune from prosecution for said violation under said

act, and a demurrer to a special plea filed by the defendant properly setting up these facts should be overruled.   (p. 362).

2.   INDICTMENT AND INFORMATION—*Indictment    for    Furnishing Liquor, Following Statute, Held Sufficient.*

An indictment which contains the usual formalities and which charges that the defendant on the ——— day of March, 1922, in the County of J. did unlawfully give and furnish to A. C., W. C. and O. S., intoxicating liquor as defined by sec. 1 of ch. 13 of the Acts of the Legislature of this state for 1913, and contrary to the laws of the State of West Virginia and against the peace and dignity of the state is good on demurrer.   (p. 362).

Case Certified from Circuit Court, Jackson County.

Bill Sterne was indicted for furnishing liquor to another. The State's demurrer to defendant's plea of immunity was sustained, and questions involved were certified to the Supreme Court of Appeals.

*Reversed.*

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

*W. F. Boggess* and *Lewis H. Miller,* for defendant.

McGINNIS, JUDGE:

The defendant was indicted in the Circuit Court of Jackson County under sec. 7, ch. 32A, Barnes' Code, which indictment charges that the defendant on the ——— day of March, 1922, in the County of Jackson, did unlawfully give and furnish to Abe Casto, Warren Casto and Otis Shinn intoxicating liquor as defined by sec. 1, ch. 13 of the acts of the Legislature of this State for 1913, and contrary to the laws of the State of West Virginia and against the peace and dignity of the state; which indictment is found upon the information of Abe Casto.

Upon the trial, the defendant demurred to the indictment which demurrer was overruled by the court, whereupon the defendant pleaded not guilty and tendered a special plea which we shall here term a plea of immunity, to which plea the state by its attorney demurred, the demurrer was sustained by the court and said court, upon its own motion,

certified to this court the points of law arising upon the demurrer to the indictment and said points of law *and fact* arising upon the demurrer to said special plea filed by the defendant.

We can not see any reason why the court should not have overruled the demurrer to the indictment. The defendant's counsel argues that it charges three offenses. With this we can not agree. There is only one offense charged, he is charged with giving intoxicating liquor to three persons, he is not charged with giving the liquor to any one of the parties named in the indictment, but to all of them, a joint gift. If he were to say, ''Here, gentlemen, is a pint of liquor, help yourselves,'' he would give it to no particular person but simply place it where they could all partake of it. Could it be doubted that he gave liquor to all of them and not individually to each of them? We do not say he could not be indicted, under the circumstances, for giving to any one of them, but he could be indicted, as he is in this case, for giving it to all of them, in one indictment. We are therefore of the opinion that the lower court did not err in overruling the demurrer to the indictment. The indictment is drawn under sec. 7, of ch. 32A of the Code and follows the statute and is, therefore, sufficient on demurrer. *State* v. *Riffe,* 10 W. Va. 794; *State* v. *Constable,* 90 W. Va. 515; *State* v. *Pennington,* 41 W. Va. 599; 31 C. J. sec. 327.

The vital question in this case rests upon the demurrer to the defendant's special plea, which demurrer was sustained by the lower court. Sec. 33 of ch. 32A of the Code defines all the offenses and prescribes all the penalties and punishments for violations of the liquor laws of the state, and sec. 33 of this chapter reads as follows:

> ''Any person called on behalf of the state to testify concerning any violation of this act who shall give freely and truthfully any testimony tending in any way to incriminate himself, shall be immune from prosecution under this act.''

The plea filed by the defendant substantially alleges that he was, at the instance of the prosecuting·attorney of said county, summoned before the grand jury of said county and

that having been so summoned, he after being duly sworn, appeared before it and testified fully, freely and truthfully with reference to having purchased a quantity of liquor from one Coon; that he transported the liquor from the place of purchase to his home; that on his way home from the place of purchase, he gave a small quantity of said liquor to Abe Casto, and that after he had been before the said grand jury and so testified, Abe Casto was summoned before said grand jury and upon his testimony, defendant was indicted for the offense charged in this indictment. By his statement, according to the plea, he fully, freely and truthfully told everything connected with the liquor he had given to Casto. He testified to three violations of the act committed by him, having the liquor in possession, transporting it and giving it to another, it seems that this defendant, if his plea can be supported by the evidence thereon, clearly comes within and is protected by this section, and the demurrer should have been overruled.

The state contends that this immunity section extends only to the particular transaction involved in the testimony given, that it goes no further, that it can not be involved in separate and distinct offenses. If it should be, all anyone who had purchased and disposed of large quantities of liquor would have to do to avail himself of immunity would be to disclose from whom he purchased the liquor although he may have committed numerous and distinct offenses in handling it. A reading of the statute shows the fallacy of this argument. He must be called on behalf of the state to testify. He can not voluntarily disclose his offenses against the act and get the benefit of this immunity section.

The object of the legislature in passing this section was to strike at the root of the evil. When the prosecuting attorney, after using every effort in his power to root out the evil, fails to find any evidence, or insufficient evidence, by which offenders may be indicted and convicted, he calls upon a witness whom he has reason to believe has violated some one or all of the provisions of the act to testify, said witness appears, and if he gives fully, freely and truthfully testimony tending in any way to incriminate himself, this section gives him immunity from any violation of the act about which he gives

such testimony. It was doubtless well known to the legislature at the time this section was passed that in some counties of the state, at least, it was difficult to obtain evidence against the violators of this act, although from even casual observation, the act was being flagrantly violated, and knowing these facts, the legislature passed this section in order to assist the prosecuting attorney in obtaining evidence against the violators of the act. No one is protected under this section except the witness who is called on behalf of the state to testify, and he must give freely and truthfully some testimony that tends in some way to incriminate himself in connection with the offense with which he is charged and if he files a plea substantially setting up these facts he has the right to have the allegations of his plea passed upon by a jury.

The cases of *Kain* v. *State,* 16 Tex. App. 282 and *Heik* v. *United States,* 57 Law Ed. 450, relied upon by the state, do not apply in this case. Each of these cases were decided upon a different statute from the section here considered and in neither case did the pleas set up facts which tended to incriminate the indictees.

We hold that the lower court erred in sustaining the demurrer to the defendant's special plea and therefore reverse the decision of said court in sustaining the demurrer to said plea and it will be so certified.

.                                             *Reversed.*