# CHARLESTON.

STATE *v.* A. J. SIMMONS

(No. 5446.)

Submitted September 22, 1925. Decided September 29, 1925

1. INDICTMENT AND INFORMATION—*Use of Statutory Phrases Alone is Not Sufficient to Charge Violation of Offense Denounced by Statute Employing Broad and Comprehensive Terms; Indictment Charging Offense Which Statute Describes in Broad and Comprehensive Terms Should Specify in Detail Accusation it Prefers.*

When the statute employs broad and comprehensive terms descriptive merely of the general nature of the offense denounced, the use of the statutory phrases alone is not sufficient to charge a violation of the statute. The indictment should give a more detailed specification of the accusation which it prefers. (p. 708).
(Indictments and Informations, 31 C. J. §§ 261, 264).

2. SAME—*Indictment Charging Offense of Having Devised Scheme to Defraud Held Insufficient As Not Charging Particulars of Scheme.*

An indictment charging the accused with having devised a scheme to defraud, etc., under Section 6 of Chapter 55-B of Barnes Code, 1923, should narrate in the charge the particulars of the alleged scheme. (p. 711).
(Indictments and Informations, 31 C. J. § 268).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Error to Circuit Court, Harrison County.

A. J. Simmons was convicted of having· devised a scheme to defraud, and he brings error.

*Reversed; verdict set aside; motion to quash sustained.*

*Powell & Clifford,* and *Robinson & Robinson,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Upon an indictment charging the device of a scheme to defraud, and an overt act in commission thereof, under section 6, chapter 55-B of Barnes Code, 1923, A. J. Simmons was found guilty by a jury in the Criminal Court of Harrison County, and by the court fined and sentenced to a term in the penitentiary. The Circuit Court of that County refused to review the case, and the defendant prosecutes error here. The indictment is in part as follows:

> "The Grand Jurors of the State of West Virginia, in and for the body of the County of Harrison, and now attending The Criminal Court of said County, upon their oaths present that on the _____day of April, 1922, in the said County of Harrison A. J. Simmons and W. M. Miller, having devised a scheme and artifice to defraud, as agents for the sale, securing subscriptions for, and distribution of the capital stock of the Gilmore Center Oil and Gas Company, a body corporate under the laws of the State of West Virginia, did then and there in said Harrison County and State of West Virginia, aforesaid, as such agents, knowingly, designedly, falsely, unlawfully and feloniously promote by prospectus and general offering, inducement and persuasion, the issue, distribution and sale of certain securities and stock, to-wit, certain shares of the capital stock of the Gilmore Center Oil and Gas Company, a body corporate under the laws of the State of West Virginia, as aforesaid, and in pursuance, and for the purpose of executing said scheme and artifice, and with intent to defraud, did then and there, to-wit, on the 'day and year aforesaid, in the County of Harrison,

and the State of West Virginia, aforesaid, unlawfully and feloniously represent to one T. J. Laing'' etc. (Here follows the charge of the overt act.)

The indictment is attacked as insufficient because it fails to set forth the particulars of the scheme to defraud, which it alleges A. J. Simmons and W. M. Miller devised. The State replies that in charging a statutory crime, it is only necessary to use the words of the statute, and that the indictment charges the offense in terms of the statute. In support of the indictment, the State relies on the cases of *State* v. *Riffe,* 10 W. Va. 794, *State* v. *Watts,* 43 W. Va. 182, *State* v. *Schnelle,* 24 W. Va. 767, *State* v. *Pennington,* 41 W. Va. 599, *State* v. *McCoy,* 61 W. Va. 259, and *State* v. *Constable,* 90 W. Va. 515. *State* v. *Riffe, supra,* holds:

> ''In an indictment for a statutory offense, it is generally proper and safest to describe the offense in the very terms used by the statute for that purpose''.

The precepts in the other cases cited are no more binding or definite than is the one in *State* v. *Riffe. State* v. *McCoy, supra,* is stressed as a case which upheld an indictment under the conspiracy statute, though the indictment failed to set out ''the mode or manner'' of the conspiracy. The indictment in that case charged that the accused conspired together ''for the purpose of inflicting punishment and bodily injury upon one Thomas Fleeman, and in pursuance of said combination . . . did slay, kill and murder the said Thomas Fleeman''. The language of the statute adapted in this indictment is sufficiently broad and comprehensive to fully describe the nature of the offense. The approval by the court of the conspiracy part of the indictment, however, was merely casual. This appears from the opinion:

> ''But why discuss this conspiracy part of the indictment? There was no conviction of conspiracy, but of murder. Eliminate the conspiracy part, and we have left a good indictment for murder. Therefore, the conspiracy charge is not material''.

Certain cases from Arkansas, California, Kansas, and Wisconsin are cited which more strongly support the contention of the State. None of these decisions, however, give a satisfactory reason for approving the use of statutory terms in an indictment in case the statutory language is not sufficiently explicit of the offense charged.

Special reliance is placed in the State's brief on the case of *United States* v. *Simmons*, 96 U. S. 360. The fourth count of the indictment against Simmons charged that the accused ''did knowingly and unlawfully engage in and carry on the business of a distiller within the intent and meaning of the Internal Revenue Laws of the United States with the intent to defraud the United States of the tax on the spirits distilled by him''. In upholding this count, the court commented as follows:

> ''This count seems to us sufficient to authorize judgment thereon. It was not necessary to state in the indictment the particular means by which the United States was to be defrauded of the tax. The defendant is entitled to a formal and substantial statement of the grounds upon which he is questioned, but not to such strictness in averment as might defeat the ends of justice. The intent to defraud the United States is of the very essence of the offense; and its existence in connection with the business of distilling being distinctly charged, must be established by satisfactory evidence. Such intent may, however, be manifested by so many acts upon the part of the accused, covering such a long period of time, as to render it difficult, if not wholly impracticable, to aver, with any degree of certainty, all the essential facts from which it may be fairly inferred''. ·

The reason advanced for upholding the count is not logical. The court confused the specification of the intent with the narration of overt acts under that intention. It may be impracticable to aver with certainty ''all the essential facts,'' from which an intention ''may be fairly inferred,'' but it is not impracticable for the pleader to state the intention which the acts manifest. The *many acts* referred to in the

opinion grow out of and result from the intention. They
necessarily imply and point to the intention. The acts may
be *many*, but the intention is single. If the pleader knows
the acts committed, he can readily deduce therefrom the ·gist
of the intention. Unless some description of the plan, as
well as the acts in pursuance of the intention, is related in
the indictment, the accused is not sufficiently apprised of
the nature of the accusation against him. Reasonable cer-
tainty in an indictment is required in another part of the
above opinion, wherein the court discussed another count in
the same indictment:

> "Where the offence is purely statutory, having
> no relation to the common law, it is "as a general
> rule, sufficient in the indictment to charge the de-
> fendant with acts coming fully within the statu-
> tory description, in the substantial words of the
> statute, without any further expension of the mat-
> ter". 1 Bishop, Crim. Proc. sec. 611, and authori-
> ties there cited. But to this general rule there is
> the qualification, fundamental in the law of crim-
> inal procedure, that the accused must be apprised
> by the indictment, with reasonable certainty, of
> the nature of the accusation against him, to the
> end that he may prepare his defence, and plead the
> judgment as a bar to any subsequent prosecution
> for the same offence. An indictment not so framed
> is defective, although it may follow the language
> of the statute".

While not directly referred to, the ruling in the Simmons
case on count number 4 is unequivocally disapproved in the
later case of *Evans* v. *U. S.,* 153 U. S. 584, in which the court
said:

> · "A rule of criminal pleading, which at one time
> obtained in some of the circuits, and perhaps re-
> ceived a qualified sanction from this court in
> *United States* v. *Mills,* 7 Pet. 138, that an
> indictment for a statutory misdemeanor is suffi-
> cient, if the offense be charged in the words
> of the statute, must, under more recent de-
> cisions, be limited to cases where the words of

the statute themselves, as was said by this
court in *United States* v. *Carll,* 105 U. S. 611,
612, "fully, directly, and expressly, without any
uncertainty or ambiguity, set forth all the ele-
ments necessary to constitute the offence intended
to be punished". The crime must be charged with
precision and certainty, and every ingredient of
which it is composed must be accurately and clear-
ly alleged. *United States* v. *Cook,* 17 Wall. 168,
174; *United States* v. *Cruikshank,* 92 U. S. 542,
558. "The fact that the statute in question, read
in the light of the common law, and of other sta-
tues on the like matter, enables the court to infer
the intent of the legislature, does not dispense with
the necessity of alleging in the indictment all the
facts necessary to bring the case within that in-
tent". *United States* v. *Carll,* 105 U. S. 611.

This court has generally held sufficient the charge of a
statutory offense, when stated in the language of the
statute. The reason underlying this general holding is that
the statutory terms have been usually sufficient to fully in-
form the accused of the specific charge against him. When
the statute uses broad and comprehensive terms, descriptive
merely of the general character of the offense denounced, we
have consistently condemned the use of the statutory phrases
alone, and held insufficient an indictment so framed.

"It will be seen, therefore, that the offence in
this case is charged in the exact language of the
statute, and the question is, whether in a case of
this grave character it is sufficient.
Tested by the ordinary rules of criminal plead-
ings, it seems to me, it is clearly insufficient. For
although it may be sufficient, in certain cases, to
charge the offence in the words of the act declar-
ing it, yet as the terms of the statute describing
the offence in this case are *generic,* and embrace
every species of each particular class of offences
described in the oath, it is, according to the inflexi-
ble rule in all such cases, indispensable that all the
facts and circumstances constituting the offence,
such as time (when it is of the essence of the of-
fence) place, manner and occasion of committing
it, should be set forth in the indictment with such

certainty and particularity as to give the accused
reasonable notice of what he is required to meet
and defend himself against; and also to enable him,
in case he should be subsequently proceeded
against for the same offence, to plead the for-
mer conviction or acquittal in bar of the proceed-
ings.

This, it is manifest, the defendant in the case
could not do; and for this reason, I think the in-
dictment is fatally defective, and is not, as it was
claimed in the argument, cured by the statute of
*jeofails.* 1 Arch'd, 87, and note 1; 2 Chitty's
Crim. Law, 311; *Parkinson* v. *The State,* 2 W. Va.
589''.

*Stofer* v. *The State,* 3 W. Va. 689.

''Though generally sufficient to charge in an in-
dictment an offense in the words of a statute, yet
if this does not sufficiently define the particular
wrongful act and give notice to the defendant of
the offense he is required to meet—the particular
criminal act in its essentials—the statute words
must be expanded by such specification of the es-
sentials as will define the offense with particular-
ity''.

*State* v. *Mitchell,* 47 W. Va. 789.

''An indictment under a statute must state all
the circumstances which constitute the definition
of the offense in the statute so as to bring the de-
fendant precisely within it''.

*State* v. *Dolan,* 58 W. Va. 263.

''A crime, whether at the common law or by sta-
tute, is evidenced by acts and intent. These acts
and the intent inducing them the indictment must
set forth with reasonable precision. It should state
the essential elements of the alleged offense. And
where a statutory or common-law definition of an
offense includes generic terms, an indictment to
be sufficient must give a more detailed specifica-
tion of the accusation which it prefers; it must
particularize''.

*State* v. *Wohlmouth,* 78 W. Va. 404.

''If a statute creating an offense does not by its
terms define the particular wrongful act, in such

manner and to such an extent as to disclose all of its essential elements, an indictment in the language of the statute is not sufficient. It should expand the words of the statute by such specification of the essentials of the offense as will define it with particularity".

*State v. Lynch*, 84 W. Va. 437.

Schemes to defraud are legion. Fraud itself is hydra-headed. When the accused is charged only with "a scheme to defraud" he knows not which head of the dragon to withstand. In *United States* v. *Hess*, 124 U. S. 483, the Supreme Court of the United States weighed in the balance the sufficiency of the identical statutory phrase now before us, i. e. "having devised a scheme to defraud", and found it wanting. Its opinion thereon is so conclusive that we quote therefrom at length:

"The statute upon which the indictment is founded only describes the general nature of the offence prohibited; and the indictment, in repeating its language without averments disclosing the particulars of the alleged offence, states no matters upon which issue could be formed for submission to a jury. The general, and, with few exceptions, of which the present is not one, the universal rule, on this subject, is, that all the material facts and circumstances embraced in the definition of the offence must be stated, or the indictment will be defective. No essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment, or implication, and the charge must be made directly and not inferentially, or by way of recital.

The statute is directed against "devising or intending to devise any scheme or artifice to defraud", to be effected by communication through the post-office. As a foundation for the charge, a scheme or artifice to defraud must be stated, which the accused either devised or intended to devise, with all such particulars as are essential to constitute the scheme or artifice, and to acquaint him with what he must meet on the trial.

The averment here is that the defendant, "having devised a scheme to defraud divers other persons to the jurors unknown", intended to effect the same by inciting such other persons to communicate with him through the post-office, and received a letter on the subject. Assuming that this averment of "having devised" the scheme may be taken as sufficiently direct and positive, the absence of all particulars of the alleged scheme renders the count as defective as would be an indictment for larceny without stating the property stolen, or its owner or party from whose possession it was taken.

The doctrine invoked by the solicitor general, that it is sufficient, in an indictment upon a statute, to set forth the offence in the words of the statute, does not meet the difficulty here. Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged".

See also *Etheridge* v. *United States*, 186 Fed. 434.

Following the high precedents quoted, we are lead to hold that the indictment herein does not give sufficient information of the offense charged, and is therefore violative of the fundamental, as well as the constitutional right of the accused to "be fully and plainly informed of the character and cause of the accusation". Section 14, article 3, Constitution.

We therefore reverse the judgment of the Criminal Court of Harrison County, set aside the verdict, and sustain the motion to quash the indictment.

*Reversed; verdict set aside; motion to quash sustained.*