State of West Virginia *v.* T. H. Lake *et al.*

(No. 7331)

Submitted October 26, 1932. Decided November 1, 1932.

*Talbott & Talbott, J. Blackburn Ware, Paul B. Ware,* and *Kittle & Kittle,* for plaintiffs in error.

LIVELY, JUDGE:

Defendants as members of the county court of Barbour county, prosecute error to the judgment of the circuit court by which defendants were fined $10.00 each under a conviction for violation of chapter 12-3-18, Official Code. The indictment charging violation read as follows:

> "The Grand Jurors of the State of West Virginia, in and for the body of the County of Barbour, and now attending the said Court, upon their oaths present that T. H. Lake, C. L. Phillips, J. N. Cutright, H. D. Cox, C. D. Gainer, Thurman Paugh, Earl Golden and Howard Teter, were, on the——day of March, 1931, the duly elected, qualified and acting members of the County Court of Barbour County, West Virginia, a corporation, and were, on said—— day of March, 1931, regularly assembled in a legal session of said County Court, and that the said T. H. Lake, C. L. Phillips, J. N. Cutright, H. D. Cox, C. D. Gainer, Thurman Paugh, Earl Golden and Howard Teter, so assembled, as aforesaid, acted as the County Court of Barbour County, West Virginia, a corporation, and did then and there unlawfully allow and pay a claim for labor, in the sum of $58.00, upon a payroll for work, purporting to have been done on the Pleasant District Roads of said County, said claim and payroll for such labor, as aforesaid, not being then and there verified by the affidavit of the person making said claim, against the peace and dignity of the State."

Defendants attack the sufficiency of the indictment on the ground that it fails to describe, with particularity and precision, the offense charged. Under chapter 12-3-18, Official

Code, it is unlawful for a county court "to pay any claim for services or materials furnished unless an itemized claim therefor is filed by the claimant covering the claim". The statute requires that intemization of the account, where the claim is for labor in excess of $25.00, include a verification by affidavit of the person making the claim; and the indictment here considered is predicated on the failure of the county court members to require the filing of this verification affidavit in the payment of a claim for $58.00. The indictment employed the language of the statute in relating the charge.

No brief was offered on behalf of the state; but presumably the prosecuting attorney, in preparing the indictment, had in mind the rule that, in an indictment for a statutory offense, it is generally proper to describe the offense in the terms used by the statute. (See *State* v. *Constable*, 90 W. Va. 515, 112 S. E. 410). That rule, however, is effective only when the accused is "fully and plainly informed of the character and cause of the accusation". Const., Art. 3, sec. 14. One object for the indictment is to furnish a description of the offense charged, so that the "accused may know what he is required to answer and prepare for his defense." Such has been the rule since *Stofer* v. *State*, 3 W. Va. 689. See also a splendid discussion of the rule by Judge Hatcher in *State* v. *Simmons*, 99 W. Va. 702, 129 S. E. 757. The only description of the claim, payment of which is charged unlawful, is that it is one for "$58.00, upon a payroll for work, purporting to have been done on the Pleasant District Roads". Whose claim was paid or to whom the claim was paid does not appear; and the allegations of the indictment are woefully deficient in particularizing the offense which the indictment sought to charge. The insufficiency of the indictment is illustrated by the bill of particulars, filed by the prosecution, which showed that on a payroll for work on the Pleasant District Roads there was more than one item for labor by different persons, although the aggregate amount thereof was $58.00. Of course this bill of particulars is no part of the indictment and did not cure the defect therein. Reference thereto is merely illustrative of the insufficiency of the in-

dictment. We therefore reverse the judgment of the trial court, set aside the verdict and discharge defendants from further prosecution under the indictment.

Having so concluded, we do not deem it necessary to consider other alleged errors.

*Reversed.*