STATE OF WEST VIRGINIA *v.* L. R. LIVESAY *et al.*

(No. 9648)

Submitted April 24, 1945. Decided May 8, 1945.

*Ira J. Partlow,* Attorney General, *Ralph M. Hiner,* Assistant Attorney General, and *Nickell Kramer,* Prosecuting Attorney of Greenbrier County, for plaintiff in error.

*T. C. Townsend, J. H. White,* and *John V. Brennan,* for defendants in error.

RILEY, JUDGE:

L. R. Livesay, George Casto, W. T. W. Morgan, Doris Mae Morgan, and Cecil Harrah, commissioners of election and poll clerks at Meadow Bluff District Election and Voting Precinct No. 69 in Greenbrier County, were jointly

indicted under Code, 3-7-1 (a) and (h), in an indictment charging that the defendants "did unlawfully, feloniously and knowingly make and cause to be made a false return of the result of the votes cast at said precinct for Vernie Q. O'Dell, who was then and there a qualified candidate in said primary election * * * for the office of Female Member of the County Democratic Executive Committee of Greenbrier County, West Virginia, with unlawful and felonious intent thereby to knowingly deprive the said Vernie Q. O'Dell of the office aforesaid."

The State of West Virginia prosecutes this writ of error to a judgment of the Circuit Court of Greenbrier County, sustaining the separate demurrer of the defendant, Livesay, and discharging said defendant.

All of the defendants were duly arraigned and each entered pleas of not guilty. The indictment was amended by substituting the initial "O" for "Q" in the name of the candidate. Upon motion of the defendants the court granted a severance and separate trials for all of the defendants, and the State elected first to try the defendant Livesay. Thereupon Livesay withdrew his plea of not guilty to the indictment, the State not objecting; and the plea was ordered withdrawn and defendant demurred to the indictment.

Defendant alleges two grounds in support of his demurrer: (1) That the indictment is insufficient for want of particularity in its averments of the offense charged; and (2) that the office of member of a county executive committee is not provided for by the Constitution and statutes of West Virginia and, therefore, a false return by an election official of the result of the votes cast for the candidate for said alleged office is not a violation of Code, 3-7-1.

The pertinent provisions of Code, 3-7-1, are:

"False Return of Election; Tampering with Ballots, Certificate or Returns. — When any person named in the following subdivisions shall offend in any of the particulars therein specified he shall be punished as provided in the last subdivision:

"(a) Any commissioner of election or poll clerk who shall knowingly make or cause to be made, or conspire with others to make, a false return of the result of the votes cast for any candidate at any precinct in an election held pursuant to law;

\* \* \* \* \*

"(h) Every such offender shall be deemed guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one nor more than ten years."

The State urged that the indictment is sufficient in particularity in that it is drawn in the language of the statute. In a case "where a statute creating an offense contains a statement of all the facts necessary to constitute it, an indictment charging such offense in the language of the statute is sufficient." *State* v. *Lantz,* 90 W. Va. 738, pt. 1, syl., 111 S. E. 766. But

"If a statute creating an offense does not by its terms define the particular wrongful act, in such manner and to such an extent as to disclose all of its essential elements, an indictment in the language of the statute is not sufficient. It should expand the words of the statute by such specification of the essentials of the offense as will define it with particularity."

*State* v. *Lynch,* 84 W. Va. 437, pt. 1, syl., 100 S. E. 284. See also *State* v. *Mitchell,* 47 W. Va. 789, 35 S. E. 845. In *State* v. *Simmons,* 99 W. Va. 702, pt. 1, syl., 129 S. E. 757, the Court said:

"When the statute employs broad and comprehensive terms descriptive merely of the general nature of the offense denounced, the use of the statutory phrases alone is not sufficient to charge a violation of the statute. The indictment should give a more detailed specification of the accusation which it prefers."

Notwithstanding the instant indictment is drawn in the language of the statute, we think it is insufficient for want of particularity. The term "make a false return of the result of the votes cast", contained in the indictment, is

generic, and under the doctrine of *State* v. *Lynch, supra,* the indictment should particularize the generic term. We note that the statute inveighs against the making of a "false return, of the *result* of the votes cast." Election officials may make such false return of the results of the votes cast for any candidate in three ways: (1) By adding to the number of votes cast for a candidate; (2) by subtracting votes from the number cast for said candidate; and (3) by adding to the number of votes cast for the candidate's opponent. How then was the return of the result of the votes cast for Vernie O. O'Dell false? The indictment does not inform the accused. Such information would be imparted to him if the indictment contained an allegation stating what would be the true return of the result of the votes cast. In the absence of such allegation the indictment, in our opinion, is bad, and the demurrer thereto was properly sustained.

The three members of the Court composing the majority do not agree upon the second ground of demurrer. We therefore moot because we cannot decide the question arising thereon.

We are of the opinion that the judgment of the Circuit Court of Greenbrier County should be affirmed.

*Affirmed.*

Lovins, President, dissenting:

I respectfully dissent from the reasoning and result set forth in the majority opinion.

The primary principle of determining the sufficiency of an indictment is established by our Constitution. The indictment must be so drawn that "* * * the accused shall be fully and plainly informed of the character and cause of the accusation, * * *." Constitution of West Virginia, Article III, Section 14. It follows that when the requirement of the constitutional provision is met, the allegations in the indictment sufficiently describe the offense charged so that the person accused may subsequently plead in bar an acquittal or conviction under such indictment. The

constitutional requirement applies alike to indictments charging common law and statutory crimes. It is to be noted that the above quoted provision of the Constitution requires that the accused be fully and plainly informed of the *character and cause of the accusation,* and does not impose upon the State the duty to inform the accused of the manner in which or the means by which the crime charged was committed. *State* v. *Schnelle,* 24 W. Va. 767.

An indictment must allege facts and not conclusions. *State* v. *Parkersburg Brewing Co.,* 53 W. Va. 591, 45 S. E. 924; *State* v. *Wohlmouth,* 78 W. Va. 404, 89 S. E. 7.

The indictment here charges the commission of a crime defined by statute. It is a general rule of criminal pleading that an indictment charging a statutory crime in the language of the statute is sufficient. *State* v. *Constable,* 90 W. Va. 515, 112 S. E. 410; *State* v. *Lantz,* 90 W. Va. 738, 111 S. E. 766. But where the offense denounced by the statute is described therein in general terms, a particular description of the offense must be alleged in the indictment. *State* v. *Mitchell,* 47 W. Va. 789, 35 S. E. 845; *State* v. *Lynch,* 84 W. Va. 437, 100 S. E. 284; *State* v. *Simmons,* 99 W. Va. 702, 129 S. E. 757; *State* v. *Lake,* 112 W. Va. 665, 166 S. E. 384. It has been held that the exception above indicated is likewise applicable to common law crimes as well as offenses defined by the statute. *Boyd* v. *The Commonwealth,* 77 Va. 52.

I would not deviate from the general rule or the exception. They are established by well considered cases, and the reasons given for the decisions are sound. But I do not think that the indictment here considered comes within the exception. The offense here charged is defined by subsection (a), Code, 3-7-1. As will be seen from reading the statute, the gravamens of the offenses therein defined are knowingly making, causing to be made or conspiring to make a false return of the result of votes cast for any candidate in any precinct at any lawful election. It is the duty of the commissioners of election and poll clerks to ascertain the true results of an election in the precinct where they serve. Of course, an inadvertence or mistake

which results in making a false return of an election would constitute no crime under the statute. It is only when such false return is knowingly made that the statute is violated.

What can be more specific than the act of falsifying the true result of an election? There is no middle ground between a false and true return. The line dividing a false from a true return is clear and distinct. How many kinds of false returns of election may be made? How many kinds of true returns of elections can be made? When such returns are considered from the standpoint of the truth or falsity thereof, the answers to the foregoing questions are obvious. Regardless of the manner in which, or the means by which, the return of an election is falsified, it still remains a false return. In the indictment here considered the name of the candidate as to whom the returns were allegedly falsified is stated in the indictment, thus apprising the accused of the specific part of the election returns alleged to have been falsified by them. The majority opinion mentions several ways in which an election return may be falsified. It is unnecessary to allege in the indictment the manner in which the offense was committed. *State* v. *Schnelle, supra.*

An indictment is sufficient if it plainly and fully informs the defendant of the offense with which he is charged, so that he may prepare to refute the accusation, and if it is so explicit as to avail the accused on a subsequent plea of a former conviction or acquittal. In my view the indictment here considered meets the test set forth above.

The language of the statute and the indictment being specific rather than generic, as indicated above, I would hold that the indictment sufficiently charges the offense by following the language of the statute. *State* v. *Williams,* 108 W. Va. 525, 151 S. E. 852; *State* v. *Matthews,* 117 W. Va. 97, 184 S. E. 665; *State* v. *Masters,* 106 W. Va. 46, 144 S. E. 718.

Since the majority opinion does not discuss the second ground of demurrer to the indictment, I refrain from expressing any opinion thereon.